HADDOX *v.* HOUSER.

[Cite as Haddox v. Houser (1975), 44 Ohio App. 2d 389.]

(No. 75AP-265—Decided June 26, 1975.)

Ms. Carolyn A. Watts, Legal Aid and Defender Society, and Mr. Gregory L. Ayers, for petitioner.

Mr. James J. Hughes, Jr., city attorney, Mr. Daniel W. Johnson, city prosecutor, Mr. George C. Smith, prosecuting attorney, Mr. William B. Shimp and Mr. Alan C. Travis, for respondent.

STRAUSBAUGH, P. J. This is an original action before this court upon a petition praying for the issuance of a writ of habeas corpus, which was granted by journal entry issued immediately following the oral hearing on June 18, 1975.

The facts as stipulated by counsel for the petitioner and the respondent are as follows:

"On November 29, 1974, petitioner was arrested on a charge of Rape, Section 2907.02(A) (3), O. R. C., a first degree felony. Petitioner was subsequently indicted by the Franklin County Grand Jury on January 21, 1975. Petitioner remained incarcerated from the time of his arrest until the time of his trial because of his financial inability to post bond.

"On June 3, 1975, after a jury had been impaneled and sworn, the petitioner withdrew his former plea of not guilty and entered a plea of no contest to the lesser included offense of Sexual Imposition, Section 2907.06, O. R. C., a misdemeanor of the third degree. The trial court found petitioner guilty and sentenced him to serve 60 days in jail, the maximum jail sentence, and refused to grant the timely request by petitioner's counsel to give petitioner credit for the time he had spent in jail awaiting trial, some 186 days. * * *"

R. C. 2967.191 provides:

"The adult parole authority shall reduce the minimum and maximum sentence of a prisoner by the total number of days the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

Therefore, had petitioner herein pleaded guilty to or been found guilty of a felony, rather than the misdemeanor

herein, under this section petitioner would have been given jail time credit for the number of days he was confined while awaiting trial.

R. C. 2945.73(C) provides:

"Regardless of whether a longer time limit may be provided by sections 2945.71 and 2945.72 of the Revised Code, a person charged with misdemeanor shall be discharged if he is held in jail in lieu of bond awaiting trial on the pending charge:

"(1) For a total period equal to the maximum term of imprisonment which may be imposed for the most serious misdemeanor charged * * *."

Under the facts of the present case, had petitioner been charged with the offense for which he subsequently was found guilty, he, having served in excess of three times the maximum number of days allowable for the offense of which he was convicted, would have been subject, without question, to immediate discharge under the above section. The sole distinguishing characteristic of the facts of this case from the requirements of R. C. 2945.73(C) (1) is that that section contemplates an original charge of a misdemeanor; whereas, under the facts of the instant case, the original charge was a felony and was amended to that of a misdeameanor.

It must be noted parenthetically that it is conceded that there is no element of plea bargaining present in this case. In other words, there is no allegation that, in the discussions between the state and the petitioner at the time of the change of plea, there was an agreement or understanding that, in exchange for the reduction in the charge from a felony to a misdemeanor, petitioner would agree to be incarcerated for an additional length of time.

We observe, therefore, that had petitioner fallen within the provisions of either R. C. 2945.73(C)(1) or R. C. 2967.191, credit would have been given him for the pretrial incarceration of 186 days while awaiting trial. We further observe that had petitioner been financially able to post bond, it would not have been necessary for him to have been incarcerated from the date of his arrest until his conviction and sentencing.

In *White* v. *Gilligan* (S. D. Ohio 1972), 351 F. Supp. 1012, the United States District Court, stated, at 1014: " * * * [T]he Ohio statutory scheme establishes two classes of defendants. The first class consists of those defendants who remain free prior to their convictions and who thus receive full credit for all of their periods of actual confinement on the sentences ultimately imposed. The second class consists of those defendants who remain in jail prior to their convictions and who therefore do not receive full credit for all of their periods of confinement because under the Ohio statutory scheme pre-conviction confinement is not imprisonment. As a result, this second class of defendants must remain in jail for a longer period of time before they become eligible for parole than defendants who belong to the first class. In addition, defendants in the first class receive full credit for all periods of actual confinement in determining the date their maximum sentence expires, while members of the second class do not. This Court cannot find any legitimate state interest which is served by allowing the state to grant full credit for all periods of confinement to one class of defendants while denying full credit to another class of defendants. * * *

"Whereupon, the Court holds that the Ohio statutory scheme described in this opinion, insofar as it denies credit for pretrial detention, is hereby declared unconstitutional and the State of Ohio is permanently enjoined and restrained from enforcing it so as to deny such credit."

We find that there is no logical reason for distinguishing misdemeanor convictions from felony convictions in crediting time in jail prior to sentencing, or for distinguishing between misdemeanors upon the basis as to whether a felony or misdemeanor was the original charge. Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and, under the facts of this case, it is required that the time spent by the petitioner in jail prior to trial must be credited to his sentence. Therefore, the petition for a writ of habeas corpus is granted, and petitioner is ordered released from custody.

*Writ granted.*

WHITESIDE and MCCORMAC, JJ., concur.