VILLAGE OF OAKWOOD, APPELLEE, *v.*
SEXTON, APPELLANT.

(No. 44896—Decided June 30, 1983.)

*Mr. Joseph Diemert, Jr.,* for appellee.
*Mr. James F. Sexton, pro se.*

HOFSTETTER, J. This matter is on appeal in a criminal case from a judgment and sentence of the court based on the verdict of the jury finding the defendant-appellant, James F. Sexton, guilty of a speeding violation under Section 333.03 of the Ordinances of the village of Oakwood.

It is clear from the trial court record that *all* costs and the fine of $100 imposed by the court were paid on December 15, 1981, the date of trial.

No part of the record, including the transcript of proceedings below, suggests that the defendant contended at the time of trial, or at any stage of the appellate proceedings, that the payment of the fine and costs was done under protest or that said payments would result in any collateral disability which would in any manner affect his civil rights.

Further, the appellant acknowledged at oral hearing, on inquiry by the court, that he had paid his fine and costs and that there was nothing in the record that revealed that any protest with regard to the payment of fine and costs was made at the time of trial, pronouncement of sentence, or when said payment was made.

This court, at oral hearing, suggested the possibility of dismissal of the appeal for mootness depending on the content of the record in accordance with *State* v. *Wilson* (1975), 41 Ohio St. 2d 236 [70 O.O.2d 431]. At that time, however, neither the court nor the parties to the appeal knew whether the record clearly disclosed the fact that the fine and costs had been paid.

Although this court has before it no

motion to dismiss, as was the case in *Wilson, supra,* it is axiomatic that a court of appeals will not review matters that are moot. Such a proceeding will ordinarily be dismissed because it is neither the duty nor the responsibility of the court to answer moot questions. Thus, a proceeding will be dismissed if the order or judgment which the appellant seeks to reverse has not been stayed.

The syllabus of *State* v. *Wilson, supra,* states:

"Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."

The *Wilson* case holding by the Supreme Court was in a criminal case where the appellant was convicted of carrying a concealed weapon, a three-inch straight razor, where he could have had, but failed to show that he had, a substantial stake in the judgment of conviction that would survive the satisfaction of the judgment imposed on him.

The case *sub judice,* although categorized as criminal in nature, was merely a conviction for violating a speeding ordinance, an unlawful but rather routine type of violation of the law which many drivers experience without adversely affecting their civil rights.

By reason of the lack of criminality of the act of speeding in the ordinary sense, the failure to protest the payment of the fine and costs, and the failure of the record before this court or counsel *pro se* at oral argument to show any collateral disability that would affect his civil rights, we are committed to follow the syllabus of *Wilson.*

For the above reasoning, the appeal is dismissed.

*Appeal dismissed.*

PATTON, C.J., and PRYATEL, J., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment in the Eighth Appellate District.