THE STATE OF OHIO, APPELLEE, *v.* BERGER, APPELLANT.

(No. L-84-120—Decided August 31, 1984.)

*Anthony Pizza,* prosecuting attorney, and *George Runner,* for appellee.

*Robert Stoffers,* for appellant.

DOUGLAS, J. This is an appeal from the Court of Common Pleas of Lucas County, Ohio, wherein James A. Berger, Jr., appellant herein, entered a plea of guilty to the offense of attempted breaking and entering, a first-degree misdemeanor in violation of R.C. 2923.02 and 2911.13(A).

The trial court, on January 5, 1984, accepted appellant's guilty plea and entered judgment against him. On January 25, the trial court sentenced appellant to six months' imprisonment in the Lucas County Correctional Center; appellant was taken into custody on that day. On March 6, 1984, appellant filed a motion in the trial court requesting credit for the time he had served in the county jail prior to entering his guilty plea. Appellant had been found indigent by the trial court and had failed to post bond. He had served fifty-seven days in the county jail prior to entering his guilty plea. The trial court denied appellant's motion on March 28.

On March 30, 1984, appellant filed a notice of appeal in this court, and assigns as error the trial court's denial of his motion for credit for time served.

During the pendency of this appeal, appellant completed his sentence and was released from custody. The Supreme Court of Ohio has held the following:

"Where a defendant, convicted of a criminal offense, has * * * completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such *judgment or conviction.*" (Emphasis added.) *State* v. *Wilson* (1975), 41 Ohio St. 2d 236 [71 O.O.2d 431], at the syllabus, certiorari denied (1975), 423 U.S. 936.

In the case *sub judice,* appellant challenges the trial court's denial of credit for time served. This challenge is distinguishable from a challenge to the conviction which underlies appellant's sentence. The length of time served, in and of itself, even though it exceeds the statutory maximum that might be imposed under the sentence, does not give rise to those types of adverse collateral consequences needed to avoid mootness. See, *e.g., In re Klepper* (1977), 49 Ohio St. 2d 211 [3 O.O.3d 328]. We hold, therefore, that appellant has not demonstrated in the record the types of collateral disabilities which are necessary to render his appeal not moot.[1]

We recognize that it is not the function of this court to issue advisory opinions. Furthermore, "it is neither the duty nor the responsibility of the court [of appeals] to answer moot questions."

*Oakwood* v. *Sexton* (1983), 10 Ohio App. 3d 160, 161. We recognize, however, that an important legal issue has been raised by appellant. We present this issue, therefore, for the benefit of any interested readers: "Whether a misdemeanant has the right to have his term of imprisonment reduced by the total number of days that he has served in custody prior to conviction, where he has been found indigent and has failed to post bond, and has been sentenced to the county jail or workhouse to serve his sentence of conviction?" Appellant had received the maximum term of imprisonment for the offense for which he had been convicted.

We turn our attention, first, to R.C. 2945.73. Under division (C) of this section,[2] the trial court has the duty to discharge a person accused of a misdemeanor who has served the maximum sentence possible for that offense while awaiting trial.[3] Thus, R.C. 2945.73(C)(1) is more properly a discharging, rather than a crediting, provision.[4] In the case *sub judice,* therefore, R.C. 2945.73 is inapplicable. There remains a question, however, as to whether R.C. 2945.73 (C)(1) would apply to appellant even if he had served the statutory maximum possible for this offense prior to conviction. Appellant was originally charged with a felony of the fourth degree, but subsequently entered a plea to a first-degree misdemeanor. R.C. 2945.73(C) addresses only those persons "charged" with misdemeanors. Ostensibly, division (C) would not apply to those "charged"

---

[1] See *United States* v. *Birrell* (C.A.2, 1973), 482 F. 2d 890, 892, fn. 2; cf. *Carafas* v. *LaVallee* (1968), 391 U.S. 234, 237-238 (conviction giving rise to collateral disabilities avoids mootness on appeal).

[2] R.C. 2945.73, discharge for delay in trial, reads in part:

"(C) * * * [A] person charged with misdemeanor shall be discharged if he is held in jail in lieu of bond awaiting trial on the pending charge:

"(1) For a total period equal to the maximum term of imprisonment which may be imposed, for the most serious misdemeanor charged."

[3] See R.C. 2929.21.

[4] Slaybod, Casey & Torzewski, A Plea for Consistency and Fairness: Ohio's "Dead Time" Statute (1978), 9 U. Tol. L. Rev. 257, 268.

with felonies; however, this division of R.C. 2945.73 has been construed to apply in cases in which "the original charge was a felony and was amended to that of a misdemeanor." *Haddox* v. *Houser* (1975), 44 Ohio App. 2d 389, 391 [73 O.O.2d 464].

Next, we move our attention to R.C. 2949.08. Under division (B) of this section,[5] while it is not specifically delineated therein, we find that it is the trial court's duty to enter into a person's record of conviction the number of days that person has served prior to his conviction. Under division (C) of R.C. 2949.08,[6] it is the jailer's duty to reduce the person's sentence in accordance with the number of days served, and thus specified, in the record. Pursuant to R.C. 2949.08(A),[7] the record of conviction, containing the number of days specified as served prior to conviction, must accompany the misdemeanant to his place of confinement. We take notice of the length of time involved in an appeal to this court in light of the statutorily specified maximum term of imprisonment for a first-degree misdemeanor. See R.C. 2929.21(B)(1). We note, further, that this length of time will become even more crucial to a misdemeanant who might appeal to this court for credit for time served prior to conviction in view of the term of imprisonment which may be imposed under R.C. 2929.21(B)(2), (3) or (4). Thus, we note that the issues concerning the trial court's specifying the number of days of confinement by which a misdemeanant's sentence is to be reduced, and/or the jailer's reduction of such sentence, may become moot by reason of the misdemeanant's completion of sentence and discharge. We direct the reader's attention, therefore, to R.C. Chapter 2731: mandamus.[8]

Third, we call attention to R.C. 2967.191.[9] We note, however, that this section applies only to felonies. Even if this court were to "find that there is no logical reason for distinguishing misdemeanor convictions from felony convictions in crediting time in jail prior to

---

[5] R.C. 2949.08(B), confinement upon conviction; reduction of sentence for prior confinement, provides:

"The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which he was convicted and sentenced prior to delivery to the jailer or keeper under this section. The record shall be used to determine any reduction of sentence under division (C) of this section."

[6] R.C. 2949.08(C) reads:

"The jailer, administrator, or keeper in charge of a jail or workhouse shall reduce the sentence of a person delivered into his custody pursuant to division (A) of this section by the total number of days the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

[7] R.C. 2949.08(A) reads:

"When a person convicted of a misdemeanor is sentenced to imprisonment in jail or the workhouse, the judge or magistrate shall order him into the custody of the sheriff or constable, who shall deliver him with the record of his conviction, to the jailer or keeper, in whose custody he shall remain until the term of his imprisonment expires or he is otherwise legally discharged."

[8] See, *e.g., State, ex rel. Van Curen,* v. *Adult Parole Authority* (1976), 45 Ohio St. 2d 298, 299 [74 O.O.2d 465], certiorari denied (1976), 429 U.S. 959; *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 163-164 [40 O.O.2d 141]. See, also, *Williams* v. *Perini* (C.A.6, 1977), 557 F. 2d 1221.

[9] R.C. 2967.191, reduction of minimum and maximum sentence, provides in part:

"The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *."

sentencing,"[10] *Haddox, supra,* at 392, R.C. 2967.191 presents two obstacles to its application to misdemeanors. One obstacle which it presents is the setting forth of the duty of the Adult Parole Authority (see R.C. 5149.03); the parole authority is given jurisdiction over state penal and reformatory institutions. See, generally, Ohio Adm. Code Chapter 5120:1-1. As a second obstacle, R.C. 2967.191 applies only to the sentence of a "prisoner," defined in R.C. 2967.01(H) as "a person who is in actual confinement in a state penal or reformatory institution." But, see, R.C. 2929.221(C), wherein a misdemeanant may be "imprisoned in a state penal or reformatory institution pursuant to division (E)(4) of section 2929.41 of the Revised Code." While the duties of the parole authority are clearly set forth under R.C. 2967.191, those of the trial court are not discussed therein. Ohio Adm. Code 5120:1-1-05(H) states that "the sentencing court * * * [is to] specif[y] in its journal entry that the inmate shall receive credit toward both his minimum and maximum sentence by the total number of days the inmate was confined * * *. [S]uch journal entry shall become applicable when the individual becomes confined * * *." But, see, *State* v. *Little* (1973), 34 Ohio App. 2d 121, 127 [63 O.O.2d 204] ("request for credit should be directed to the parole authorities"). See, also, R.C. 2949.12 (delivery of convict to penal or reformatory institution).

Thus, the duties of the trial court are limited.[11]

Thus, in summary, we find, first, that it is the trial court's duty to enter into a misdemeanant's record of conviction the number of days that the misdemeanant was confined prior to his conviction. See R.C. 2949.08(B). Second, it is the jailer's (or administrator's or keeper's) duty to reduce the misdemeanant's sentence in accordance with the entry made by the trial court pursuant to division (B) of R.C. 2949.08. See R.C. 2949.08(C). Third, mandamus, rather than a motion in the trial court for credit for time served, is the proper remedy for enforcing a misdemeanant's right to have his sentence reduced by crediting time served prior to conviction. We find, in the case *sub judice,* that the appellant has completed his term of imprisonment and has been discharged from custody. We find appellant's assignment of error not well-taken since his release from custody renders moot the question presented to us for review.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HANDWORK and MCQUADE, JJ., concur.

MCQUADE, J., of the Court of Common Pleas of Fulton County, sitting by assignment in the Sixth Appellate District.

---

[10] The *Haddox* case concerned a habeas corpus petition, an original action in a court of appeals. Petitioner had been charged with a first-degree felony, but subsequently entered a plea of no contest to a third-degree misdemeanor. He was found guilty, and received the maximum sentence for a third-degree misdemeanor: sixty days' imprisonment. See R.C. 2929.21(B)(3). Petitioner had served one hundred eighty-six days in jail awaiting trial. The *Haddox* court granted petitioner's writ, reasoning as follows:

"* * * The sole distinguishing characteristic of the facts of this case from the requirements of R.C. 2945.73(C)(1) is that that section contemplates an original charge of a misdemeanor; whereas, under the facts of the instant case, the original charge was a felony and was amended to that of a misdemeanor." 44 Ohio App. 2d at 391.

[11] "* * * [T]he only burden imposed on the trial judge is that mandated by Ohio Criminal Rule 32.2(D) which directs the court to 'forward a statement of the number of days confinement which the defendant is entitled by law to have credited * * *.'" Slaybod, *supra,* at 265.