THE STATE OF OHIO, APPELLEE, *v.*
JOHNSON, APPELLANT.

(No. C-870131—Decided
February 10, 1988.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *L. Susan Laker,* for appellee.

*Timothy A. Smith,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County. We have *sua sponte* removed this cause from the accelerated calendar in order to review the issues more fully, as they deserve.

Talmadge Johnson, defendant-appellant ("Johnson"), entered a plea of no contest to a charge of carrying a concealed weapon in violation of R.C. 2923.12, and he was sentenced to six months' probation. Johnson filed this appeal contending that the trial court erred in overruling his motion to suppress the evidence (a .45 caliber handgun). However, prior to a hearing before this court Johnson completed his probation, was discharged, and the prosecutor filed a motion to dismiss the appeal as moot. Johnson filed a memorandum in opposition and a motion to remand the cause to the trial court for an evidentiary hearing to

demonstrate that there were collateral disabilities that precluded the dismissal of his appeal for mootness.

A panel of this court heard oral argument on the motion to dismiss. The court requested that the parties file supplemental memoranda on two issues: (1) whether a felony conviction standing alone is a collateral disability which would give viability to an otherwise moot appeal and, if so, under what circumstances; and (2) at what stage of the proceedings should a collateral disability be established: at the trial level prior to filing an appeal, at the trial level on remand subsequent to filing an appeal or at the appellate level.

The law regarding moot criminal cases is not in dispute. *State* v. *Wilson* (1975), 41 Ohio St. 2d 236, 70 O.O. 2d 431, 325 N.E. 2d 236, certiorari denied *sub nom. Wilson* v. *Ohio* (1975), 423 U.S. 936, holds that after a defendant has fully satisfied his penalty and there is no "evidence" that the defendant will suffer any collateral disability or loss of civil rights as a result of the conviction, the appeal is moot and must be dismissed. The majority of the Supreme Court rejected the position of the dissent which would have allowed an appeal due to collateral "disgrace and legal discredit of a conviction." *State* v. *Wilson, supra,* at 239, 70 O.O. 2d at 433, 325 N.E. 2d at 238-239 (Celebrezze, J., dissenting).

This court has previously held that a felony conviction does not, in and of itself, constitute a collateral disability. *State* v. *Veddern* (June 30, 1982), Hamilton App. No. C-810586, unreported (Palmer and Klusmeier, JJ., concurring individually); *State* v. *Banes* (Nov. 19, 1986), Hamilton App. No. C-860084, unreported. Briefly stated, the rationale of these decisions is that the disgrace and legal discredit of a conviction are part and parcel to the conviction and are its direct conse-quences, rather than collateral disabilities. We find this logic compelling and find these cases properly state the law of Ohio. Accordingly, we hold that a collateral disability must be a substantial impairment, and not merely a hypothetical possibility.

In his memorandum in opposition to the prosecutor's motion to dismiss, Johnson makes two arguments that this conviction, as it affects him individually, results in collateral disabilities. Johnson's first argument is that because carrying a concealed weapon is an "offense of violence" pursuant to R.C. 2901.01(I)(1), he is denied his constitutional right to bear arms by R.C. 2923.13(A)(2). That section prohibits people who have been convicted of a felony of violence from acquiring, having, carrying or using any firearm.

In effect Johnson asks this court to hold that any felony of violence necessarily creates a collateral disability. While this seems to be a direct consequence of any of the enumerated felony convictions in R.C. 2901.01(I)(1), we need not decide this point in the cause *sub judice,* but we do note that R.C. 2923.14 provides a mechanism for removing the disability.

Johnson has presented us with no statement, sworn or unsworn, of his past record. During the sentencing phase of the trial, there is some indication of "a weapons offense back in '71 [*sic*] and nothing since then." Thus, we find that Johnson, as appellant, has failed to establish a collateral disability on what he has presented to us. Without something further to establish his criminal record, we can only speculate as to the existence of *any* disability in this case.

Logically, it is clear that even if Johnson's proposition is accepted at full value, it would apply only to the *first* conviction of one of the qualifying felonies. The *second* conviction would

be redundant because whatever disability exists would be created by the *first* conviction. Therefore, the "disability" would remain even if there was a subsequent reversal of the second conviction, because the *first* conviction would still operate to bring the felon within the ambit of the statute.

Johnson's second and similar argument is that he will be unable to obtain a liquor permit due to the conviction. R.C. 4303.29. Obviously, the same analysis regarding a previous felony conviction applies here. Reversal of this conviction would do nothing to remove this disability if Johnson has a prior felony conviction. Beyond this, Johnson's unsubstantiated, unsworn assertion in oral argument that he would like to own a bar someday does not rise to the level of a demonstrable disability. A collateral disability must be a substantial, individualized impairment, and a purely hypothetical statement about what might occur in the future is not sufficient to give viability to an otherwise moot appeal.

In addition to the prosecutor's motion to dismiss, Johnson has submitted a motion for remand to the trial court for an evidentiary hearing to allow him an opportunity to establish collateral disabilities. We find no precedent or rule of law establishing or approving of such a procedure.[1]

An appellate court has no duty or responsibility to decide moot cases. See *Miner* v. *Witt* (1910), 82 Ohio St. 237, 92 N.E. 21; *State* v. *Berger* (1984), 17 Ohio App. 3d 8, 17 OBR 54, 477 N.E. 2d 473; *Oakwood* v. *Sexton* (1983), 10 Ohio App. 3d 160, 10 OBR 213, 461 N.E. 2d 22. The mootness of an appeal is a question of no interest to the trial court after it has rendered judgment. It is possible that a situation could exist, unlike this cause, where the record from the trial court contains facts which would demonstrate that a particular cause is moot or that a particular cause, which otherwise would be moot, is not.[2] The determination would remain for the reviewing court and not the lower court.

---

[1] Johnson bases this motion in part on a statement in *State* v. *Banes* (Nov. 19, 1986), Hamilton App. No. C-860084, unreported, where we recognized at 5 "the impediment, perhaps the insurmountable barrier" of *State* v. *Ishmail* (1978), 54 Ohio St. 2d 402, 8 O.O. 3d 405, 377 N.E. 2d 500, for an appellant in trying to present evidence of a collateral disability to an appellate court. While it is certainly true that *State* v. *Ishmail, supra,* prohibits a reviewing court from adding matter to the record from the trial court and then deciding the appeal on the basis of the new matter, nothing in that case refers to the situation where an appellate court is deciding an issue of mootness. That issue goes to the duty and authority of the appellate court to hear the cause, which is distinct from deciding a cause on the merits as was done in *State* v. *Ishmail, supra.*

[2] We also recognize that we have not been consistent in suggesting to parties

before this court the proper way to establish collateral disabilities. In *State* v. *McClanahan* (Mar. 15, 1978), Hamilton App. No. C-77188, unreported, we stated:

"However, this Court will not give countenance to appellant's attempt to supplement the record with a document asserting an alleged collateral disability. This was never a part of the record in the trial court and as such was not certified to this court. This Court will not permit a record to be supplemented on appeal merely by attaching a document to a motion. Such documentation, evidence, or testimony is properly filed in the trial court and is then certified to this Court by means of a supplemental transcript.

"Appellant's motion to supplement the record then is overruled." *Id.* at 2.

A different decision, *State* v. *Kuhlman* (Dec. 30, 1981), Hamilton App. No. C-810169, unreported, stated that an appellant must demonstrate a collateral

4

We grant the prosecutor's motion to dismiss without passing upon Johnson's single assignment of error; we deny Johnson's motion to remand the cause to the trial court.

*Judgment accordingly.*

BLACK, P.J., DOAN and HILDEBRANDT, JJ., concur.

---

disability by presenting "evidence from which certain inferences can be made (presumably using the traditional methods of establishing at the appellate level facts *dehors* the record) * * *."

In a recent case the Tenth District decided a case in apparent agreement with *State* v. *Kuhlman, supra,* and in conflict with *State* v. *McClanahan, supra.* In *Pontiac Motor Div.* v. *Motor Vehicle Dealers Bd.* (Sept. 15, 1987), Franklin App. No. 87AP-48, unreported, the court considered affidavits attached to an appellate brief in its determination of mootness. This was based on the Ohio Supreme Court's statement in *Miner* v. *Witt, supra,* that mootness may be shown by means of "extrinsic evidence." As no evidence by affidavit or otherwise has been presented to us in this cause, we make no finding as to the current viability of *State* v. *McClanahan, supra,* and *State* v. *Kuhlman, supra.*