JOURNAL ENTRY AND OPINION
Defendant-appellant Ernest Somerfield was convicted in the Cleveland Municipal Court of assault on a law enforcement officer, in violation of Cleveland codified ordinance § 621.05 (A), and resisting arrest, in violation of Cleveland codified ordinance § 615.08. On December 11, 1997, Somerfield was sentenced for each of these misdemeanor offenses. For assaulting a law enforcement officer, the court sentenced Somerfield to 180 days in jail and fined him $1,000 plus costs, but suspended 177 days of the sentence and $700 of the fine. For resisting arrest, the court sentenced Somerfield to 90 days in jail and fined him $750 plus costs, but suspended all 90 days of the sentence and $650 of the fine. Somerfield was placed on active probation for one year. The record further reflects that Somerfield was remanded to the Cleveland Work House to serve his three-day sentence and that he paid $991 in fines and court costs.
Somerfield appealed and presented four assignments of error.[1] While it appeared to the panel that Somerfield's appeal may be moot, that issue had not been addressed by any of the parties, either in their briefs or in oral argument, which the parties had jointly waived. Therefore, Somerfield was asked to show cause why
When a defendant convicted of a misdemeanor offense does not resist the judgment imposed but instead voluntarily satisfies the judgment by serving the sentence and paying the fine, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that the defendant will suffer some collateral legal disability or loss of civil rights stemming from that conviction. See State v. Berndt (1987),29 Ohio St.3d 3; State v. Wilson (1975), 41 Ohio St.2d 236, cert. denied, 423 U.S. 936; Oakwood v. Sexton (1983), 10 Ohio App.3d 160. See also Cincinnati v. Baarlaer (1996), 115 Ohio App.3d 521; State v. Harris (1996), 109 Ohio App.3d 873. The defendant bears the burden of presenting evidence that he has a "substantial stake in the judgment of conviction." Wilson,41 Ohio St.2d at 237.
In the case at hand, Somerfield was convicted of two misdemeanor offenses. The record does not indicate that Somerfield resisted the judgment imposed but rather reflects that Somerfield was remanded to the Cleveland Work House to serve the three days of incarceration that were not suspended and that Somerfield paid in full all fines and court costs arising from these convictions. His one-year active probation apparently expired on December 11, 1998. While this record suggests that Somerfield voluntarily satisfied the judgment, he disputes that his appeal is moot and insists that he will suffer both collateral legal disability and loss of civil rights from these convictions.
In particular, Somerfield relies on State v. Golston (1994),71 Ohio St.3d 224, for the proposition that the stigma associated with his convictions represents a collateral disability that will affect his reputation and social status. But while Golston recognized the stigma that naturally attaches to felony
convictions, the court noted that "[t]he same stigma does not ordinarily attach to those who have been convicted of misdemeanor offenses." Golston, 71 Ohio St.3d at 227. Somerfield has not shown that the stigma he attaches to his misdemeanor convictions is qualitatively different from that which was considered insubstantial in State v. Berndt, supra, or State v. Wilson,supra.
Somerfield next asserts that his convictions will act as a bar to employment. But while Somerfield speculates that his misdemeanor convictions will discourage employers from hiring him, he has not directed our attention to anything that substantiates that his convictions disqualify him from any employment.
Somerfield cites State v. Foose (Dec. 24, 1992), Cuyahoga App. No. 63477, unreported, which found convincing defendant's argument that his conviction for domestic violence under R.C. 2919.34 would bar him from employment opportunities. Foose was a per curiam decision that found two reasons for denying mootness and did not explain either one of those reasons. The Supreme-Court of Ohio has noted the legal disabilities that attach to felony convictions, such as being denied the privilege of serving as a juror, holding an office of "honor, trust, or profit," and engaging in certain occupations and professions because of statutory preclusions. See Golston, supra, 71 Ohio St.3d at 227. Somerfield has failed to identify, however, any similar legal disability arising statutorily from his misdemeanor convictions. He argues rather that the effect on his reputation will bar him from employment opportunities. But the effect he notes does not rise to the degree the Supreme Court described, that is, "infamy and disgrace" that "seriously affects a person s reputation and economic and social opportunities in our society." Somerfield has failed to show that his conviction for a misdemeanor results either in a loss of reputation of this degree or in a specific legal disability that arises automatically by statute. We, therefore, decline to indulge in speculation as to whether Somerfield's misdemeanor convictions will bar him from employment.
Somerfield lastly contends that his convictions will result in a loss of civil rights because, according to his third assignment of error, the trial court failed to enforce trial subpoenas his counsel allegedly served on hospital and police records custodians. But the threshold question here is whether Somerfield's misdemeanor convictions result in a cognizable loss of civil rights, not whether error occurred in the trial proceedings below. Somerfield has made no showing that theseconvictions will cause any loss of his civil rights.
The record convinces us that Somerfield voluntarily served his sentence and paid the fine and court costs for his misdemeanor convictions. Somerfield has not shown that he will suffer a collateral legal disability or loss of civil rights stemming from these convictions. We therefore conclude that his appeal is moot, and it is hereby dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., CONCURS;
ANN DYKE, P.J., CONCURS (See attached Concurring Opinion).
_____________________________ DIANE KARPINSKI JUDGE APPENDIX
Somerfield's assigned errors are as follows:
 I. THE COURT ERRED IN OVERRULING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL AT THE CLOSE OF THE PROSECUTION'S CASE.
 II. THE COURT ERRED IN OVERRULING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL AT THE CLOSE OF ALL THE EVIDENCE.
 III. APPELLANT WAS DENIED HIS RIGHT UNDER THE U.S. AND OHIO CONSTITUTIONS TO COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR.
 IV. THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FOR BOTH CHARGES.
[1] [EDITORS' NOTE: FOOTNOTE 1 IS OMITTED FROM THE OFFICIAL COPY OF THIS DOCUMENT, THEREFORE IT IS NOT DISPLAYED IN THE ONLINE VERSION.]
 ANN DYKE, P.J., CONCURRING:
 I write separately to address the mootness issue presented herein. First, at the time this matter was scheduled for oral argument, it was clear that the defendant paid his fine and completed his sentence. In addition, no evidence had been offered from which it could be inferred that the defendant would suffer some collateral disability or loss of civil rights. It was therefore clear to me in May, 1999 that this matter should be dismissed as moot. But because the oral argument in this matter was waived, the other panel members chose not to address the matter from the record, and therefore asked the defendant to "show cause" why this matter should not be dismissed. Because the record as originally submitted demonstrated that this matter was moot, I declined to participate in the order instructing defendant to show cause why the appeal should not be dismissed. Now, at this late date, and after further expenditures of fees and time, we are left with the same result which should have been reached in May.
On February 11, 1993, defendant was charged with assault upon a police officer and resisting arrest. The matter proceeded to trial on December 11, 1997,[1] and defendant was ultimately convicted of both offenses. For the offense of assaulting a police officer, defendant was fined $1,000 plus costs and sentenced to 180 days incarceration, and $700 of the fine and 177 of the days were suspended. For the offense of resisting arrest, defendant was fined $750 plus costs and sentenced to 90 days incarceration, and $650 of the fine and 90 days were suspended. Defendant was also placed on active probation for one year. The record further reflects that defendant paid a total of $991 in both matters for fines and/or costs and was remanded to the Cleveland Work House for three days. Defendant now challenges that conviction.
The Supreme Court set forth the test for mootness in State v.Berndt (1987), 29 Ohio St.3d 3, 4, as follows:
 This court has held that "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." State v. Wilson (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, syllabus. The burden of presenting evidence that he has such a Irsubstantial stake in the judgment of conviction" is upon the defendant. Id. at 237, 70 O.O.2d at 432. 325 N.E.2d at 237. Thus, this appeal is moot unless appellee has at some point in this proceeding offered evidence from which an inference can be drawn that appellee will suffer some collateral legal disability or loss of civil rights.
In this case, the record clearly demonstrated that defendant paid in full the fine imposed by the court and his year of active probation ended on December 11, 1998. The record also indicates that defendant was remanded to the Cleveland Work House for three days, the total amount of his sentence which was not suspended. Since defendant completed the terms of his sentence and the record fails to contain any evidence from which an inference may be drawn that he will suffer some collateral legal disability or loss of civil rights, his appeal is moot. State v. Berndt, supra;State v. Wilson, supra. Moreover, it is clear that legal disabilities and restrictions are not imposed following the conviction for misdemeanor offenses and conviction for these offenses do not ordinarily result in harm to the reputation and impairment of economic and social opportunities. See State v.Golston (1994), 71 Ohio St.3d 224, 227.
[1] capias was ordered after defendant failed to appear in court on May 18, 1993. A bond forfeiture judgment was entered at this time.