This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Bennie Lamont Hamilton has appealed his convictions in the Summit County Court of Common Pleas for two counts of domestic violence. This Court affirms.
Hamilton was indicted on two counts of Endangering Children, in violation of R.C. 2919.22(B)(1) and (3), and two counts of domestic violence in violation of R.C. 2919.25(A). Hamilton was supplementally indicted on one count of child endangering, in violation of R.C.2919.22(B)(2), and three separate counts of child endangering, in violation of R.C. 2919.22(B)(1). The first two counts of child endangering were subsequently dismissed.
The matter proceeded to trial. The jury found Hamilton guilty of two counts of domestic violence. The trial court sentenced him accordingly.
Hamilton has appealed, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO INSTRUCT THE JURY THAT CORPORAL PUNISHMENT IS A DEFENSE TO CHILD ENDANGERING UNDER R.C. 2919.22.
In his first assignment of error, Hamilton claims that the trial court erred when it declined to charge the jury that corporal punishment is a defense to endangering children. However, Hamilton was acquitted of child endangering. The doctrine of mootness precludes a further review. An appellate court does not have a duty to decide moot issues. State v.Johnson (Dec. 15, 1993), Summit App. No. 16137, unreported, citing Statev. Johnson (1988), 43 Ohio App.3d 1, 3. Accordingly, Hamilton's assignment of error is overruled as it is moot.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., WHITMORE, J. CONCUR.