JOURNAL ENTRY and OPINION
 I.
{¶ 1} Appellant Conte Gould brings this appeal from his misdemeanor conviction in Cleveland Municipal Court of one count of domestic violence, in violation of R.C. 2919.25. On February 1, 1999, the court imposed a fine of $1,000, $500 of which was suspended, and sentenced Gould to 180 days incarceration, also suspended. Ultimately, the court placed Gould on active probation for two years. Gould's fines and court costs were paid in full as of December 2, 1999 and he completed his probation sentence. Finally, Gould filed his notice of appeal on January 31, 2001.[1]
{¶ 2} On January 2, 2002, the city of Cleveland filed a motion to dismiss defendant's appeal. The city argues, on the basis of State v.Golston, 71 Ohio St.3d 224, 1994-Ohio-109, 643 N.E.2d 109, that, because Gould paid his fine and served his probation, Gould's appeal is therefore moot.
{¶ 3} Gould counters that he will suffer loss of a civil right, namely the Second Amendment right to bear arms, because of the Lautenberg Amendment to the 1968 Gun Control Act, 18 U.S.C. § 922(g)(9), which makes it "unlawful for any person * * * who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."[2]
{¶ 4} Through its April 8, 2002 journal entry, this court referred this motion to the merit panel for hearing.
 II.
{¶ 5} Golston holds that "an appeal from the conviction [of a misdemeanor] is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction."Golston, 71 Ohio St.3d at 226.
{¶ 6} Further, a "collateral disability must be a substantial, individualized impairment, and a purely hypothetical statement, about what might occur in the future is not sufficient to give viability to an otherwise moot appeal." State v. Johnson (1988), 43 Ohio App.3d 1, 3,538 N.E.2d 1082.
{¶ 7} Here, regardless of whether Gould couches his inability to possess a gun as a collateral legal disability or as a loss of civil rights, the fact remains that his argument is entirely speculative. Gould has presented no evidence from which this court can draw an inference that Gould will suffer a collateral legal liability of loss of civil rights. There is nothing in the record to suggest that Gould has applied to own a gun, owns a gun, etcetera. His motion in opposition to the city's motion to dismiss merely states that he will suffer a civil rights loss. Facts supporting that assertion are lacking and, therefore, Gould's argument lacks merit.
 III.
{¶ 8} Therefore, because Gould has completed his probation and paid his fine for a misdemeanor violation and because he has presented no evidence from which this court could draw an inference that he will suffer a collateral legal disability or a loss of civil rights, we affirm the municipal court's conviction and declare Gould's appeal moot.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] This court granted Gould's motion to file a delayed appeal, pursuant to App.R. 5(A).
[2] Gould correctly cites the Lautenberg Amendment in his motion, but uses language that is not exactly the language found in the statute. In any event, Gould raises the issue properly.