DECISION
Appellant, the state of Ohio, appeals from the judgment of the Franklin County Court of Common Pleas that found appellee, Joseph J. Andujar, guilty of unlawful restraint, but did not find appellee to be a habitual sexual offender, require him to register as a sex offender pursuant to R.C. 2950.04, and did not hold a sexual classification hearing pursuant to R.C. 2950.09. Appellant sets forth the following assignments of error:
First Assignment of Error
 THE TRIAL COURT ERRED IN FAILING TO FIND DEFENDANT TO BE A SEXUAL PREDATOR WHEN ITS DETERMINATION WAS PREMISED ON OR OTHERWISE INFLUENCED BY THE MISTAKEN BELIEF THAT THE INSTANT OFFENSE WAS NOT A SEXUALLY ORIENTED OFFENSE.
Second Assignment of Error
 THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT HAS NO OBLIGATIONS UNDER HOUSE BILL 180.
Third Assignment of Error
 THE TRIAL COURT ERRED IN FAILING TO FIND DEFENDANT TO BE HABITUAL SEXUAL OFFENDER WHEN ITS DETERMINATION WAS PREMISED ON OR OTHERWISE INFLUENCED BY THE MISTAKEN BELIEF THAT THE INSTANT OFFENSE WAS NOT A SEXUALLY ORIENTED OFFENSE.
Appellant's assignments of error are related and will be addressed together.
In July 2001, appellee was indicted for abduction, a violation of R.C.2905.02, a felony of the second degree, and in September 2001, was found guilty of the lesser included offense of unlawful restraint, a violation of R.C. 2905.03, a misdemeanor of the third degree. Because appellee had been in jail for more than 60 days, the maximum sentence allowable for a misdemeanor of the third degree, the trial court suspended his sentence for time served. The trial court also stated appellee had not committed a sexually oriented offense, was not subject to the requirements for registration, was not a sexual predator or a habitual sex offender.
Appellee argues that, because he was entitled to discharge pursuant to R.C. 2945.73(C), he has no valid conviction for unlawful restraint involving a minor and, hence, is not subject to the various provisions of R.C. Chapter 2950. We disagree.
R.C. 2945.73(C)(1) provides:
 (C) Regardless of whether a longer time limit may be provided by sections 2945.71 and 2945.72 of the Revised Code, a person charged with misdemeanor shall be discharged if he is held in jail in lieu of bond awaiting trial on the pending charge:
 (1) For a total period equal to the maximum term of imprisonment which may be imposed for the most serious misdemeanor charged[.]
The fallacy in appellee's argument is that R.C. 2945.73(C) contemplates an original charge of a misdemeanor. Haddox v. Houser (1975),44 Ohio App.2d 389. Here, appellee was originally charged with a felony of the second degree and was found guilty of a misdemeanor and, therefore, is not entitled to discharge. Thus, while the trial court properly suspended his sentence for time served, he was nonetheless convicted and is subject to the requirements in R.C. Chapter 2950.
The trial court found that appellee's conviction for unlawful restraint was not a sexually oriented offense; however, R.C. 2950.01(D)(2)(a), in effect at the time, provides:
 (D) "Sexually oriented offense" means any of the following offenses:
* * *
 (2) Any of the following offenses involving a minor, in the circumstances specified:
 (a) A violation of section * * * 2905.03, * * * when the victim of the offense is under eighteen years of age[.]
In this case, the victim was 13 years of age. Therefore, appellee was convicted of a sexually oriented offense and the court was required to hold a hearing pursuant to R.C. 2950.09 to determine whether appellee is a sexual predator.
R.C. 2950.04 requires a person convicted of a sexually oriented offense to register with the sheriff in the county of the offender's residence or temporary domicile. Because the trial court erred in its conclusion that appellee had not committed a sexually oriented offense, it also erred in concluding that appellee was not required to register pursuant to R.C.2950.04. Because appellee did commit a sexually oriented offense, he is required to register.
R.C. 2950.09(E) provides, in part:
 (E) If a person is convicted of or pleads guilty to committing, on or after January 1, 1997, a sexually oriented offense, the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense. If the judge determines that the offender previously has not been convicted of or pleaded guilty to a sexually oriented offense, the judge shall specify in the offender's sentence that the judge has determined that the offender is not a habitual sex offender. If the judge determines that the offender previously has been convicted of or pleaded guilty to a sexually oriented offense, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a habitual sex offender * * *.
A habitual sex offender is defined in R.C. 2950.01(B) as "a person who is convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses." Because appellee's conviction for unlawful restraint involved a victim under the age of 18, he committed a sexually oriented offense and the trial court erred by failing to consider whether he had been previously convicted of or pled guilty to a sexually oriented offense and to specify in its entry whether or not he was a habitual sex offender.
At the sentencing hearing, the state presented evidence that appellee had been convicted of endangering children based on facts similar to those in the present case. Such an offense is a sexually oriented offense, pursuant to R.C. 2950.01(D)(2)(e), and, as a result of his prior conviction, appellee is required to register as a sexually oriented offender.
For the foregoing reasons, appellant's first, second and third assignments of error are sustained. Appellee's conviction is affirmed and this matter is remanded to the trial court for further proceedings consistent with this decision.
Conviction affirmed, cause remanded.
BRYANT and KLATT, JJ., concur.