OPINION
{¶ 1} Defendant-appellant, James Howard, appeals his conviction in the Butler County Court of Common Pleas for child endangering.
 {¶ 2} Appellant was originally indicted in August 2000 on four counts of child endangering in violation of R.C. 2919.22(B). In September 2001, the trial court dismissed Counts One and Four of the indictment, and the matter was tried to a jury on the remaining two counts. Count Two alleged that on or about April 1, 2000, appellant abused his then eleven-week-old son Draven by "shaking, slamming, choking, grasping, hitting, or slinging [him] resulting in brain trauma and hospitalization on April 1, 2000." Count Three alleged that on or about April 4, 2000, appellant abused his son by "shaking, slamming, choking, hitting, grasping, or slinging [him] resulting in brain trauma and retinal hemorrhages which resulted in hospitalization from April 4, 2000 to April 12, 2000 and August 4, 2000 to August 7, 2000." On November 6, 2001, a jury acquitted appellant on Count Two but found him guilty on Count Three. The trial court subsequently sentenced appellant to seven years in prison. This appeal follows in which appellant raises two assignments of error.
 {¶ 3} In his first assignment of error, appellant argues that the trial court erred by excluding certain statements during the testimony of Detective Mark Poppe and Doctor Elena Duma on the grounds of hearsay. We disagree.
 {¶ 4} Hearsay is a "statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Statements which are offered at trial to explain an officer's conduct while investigating a crime are not hearsay. State v. Blevins (1987), 36 Ohio App.3d 147,149. However, where evidence is presented to a jury to bolster the credibility of a witness' testimony, the statement is hearsay because it is being offered to prove the truth of the matter asserted, that is, the testimony of the other witness. State v. Yarber (1995),102 Ohio App.3d 185, 190, citing State v. Williams (1988),38 Ohio St.3d 346, certiorari denied (1989), 489 U.S. 1040,109 S.Ct. 1176.
 {¶ 5} Appellant first asserts that the trial court erred by striking testimony related to statements made by appellant's then seven-year-old daughter, Elani, to Det. Poppe while he was investigating the case.
 {¶ 6} The record shows that Draven was taken to the emergency department of Mercy Hospital in Hamilton on the morning of April 4, 2000 after he suddenly stopped breathing and went limp. The only persons present at appellant's house that morning were appellant, Draven, and Elani. At trial, Det. Poppe testified that he had interviewed Elani at school and had received some information from her. On cross-examination, defense counsel first asked the detective "Did she indicate to you in any manor [sic], shape or form that [appellant] shook, punched, kicked, slammed, choked or otherwise was abusive to his son on that morning?" Rephrasing the question, defense counsel then asked Det. Poppe if he had been "given any contradictory information from [Elani] compared to the statement that [appellant] give [sic] you?" Finally, defense counsel asked Det. Poppe if he had "interviewed any witness who has indicated they observed [appellant] being abusive to the child?" Each time, the trial court sustained the state's objection to the questions on hearsay grounds.
 {¶ 7} The crux of appellant's defense was that he had never abused or harmed his son and that he did not know how his son had suffered brain injury and retinal hemorrhages. At trial, appellant testified that Draven would cry, then inexplicably and suddenly stop breathing and go limp. Contrary to appellant's assertions, the tenor of defense counsel's questioning clearly shows that the objective was to bolster the credibility of appellant's testimony that he had never abused or harmed his son. As a result, the information sought to be elicited from the detective was hearsay as it was offered to prove the truth of the matter asserted. Williams, 38 Ohio St.3d at 348. We therefore find that the trial court did not err by striking Det. Poppe's testimony with regard to the foregoing statements made to him.
 {¶ 8} Appellant also asserts that the trial court erred by striking on hearsay grounds Dr. Duma's testimony regarding statements made by Doctor Robert A. Shapiro at a seminar.
 {¶ 9} Drs. Duma and Shapiro are both physicians at Children's Hospital in Cincinnati and are both on the hospital's child abuse team. Dr. Shapiro is the medical director of the hospital's child abuse program. Dr. Duma, who had examined Draven on April 5, 2000 at the hospital, testified that Draven's extensive injuries had been caused by abusive head injury and that a traumatic event had happened between April 1 and 4, 2000.
 {¶ 10} On re-cross examination, defense counsel sought to elicit from Dr. Duma that there was a debate in the medical community as to the mechanisms of shaken baby syndrome. Dr. Duma acknowledged that there was some debate but that there was much more a consensus than there was a debate. Dr. Duma also testified that while there was no debate that shaken baby syndrome requires significant force, there certainly was a debate as to the mechanisms. In an attempt to undermine Dr. Duma's foregoing statements, defense counsel started questioning her regarding a seminar she had attended and at which Dr. Shapiro had spoken, as follows: "When we talk about the type of injuries you described in Draven. He [Dr. Shapiro] said —." The state promptly objected on hearsay grounds and the trial court sustained the objection.
 {¶ 11} Appellant asserts that the statements sought by defense counsel were not hearsay because "the purpose of the purported statements by Dr. Shapiro were not intended to prove what the cause was of Draven's injur[ies] * * *. After all, that was the key issue in this case, whether Draven suffered his injuries as a result of being shaken * * *, as opposed to some other cause, such as the lingering effects of his birth trauma [Draven was born by cesarean section after attempts to use a vacuum suction and forceps were unsuccessful]. Rather, the purpose of the questioning was to show there was a debate in the medical community regarding the causes" of the type of injuries suffered by Draven.
 {¶ 12} Dr. Shapiro did not testify at trial. Because the state objected before defense counsel could finish his question, and because defense counsel did not pursue further this line of questioning, we cannot determine whether the statements sought by defense counsel would have been hearsay. Whether or not they were hearsay, we find no error in the trial court's exclusion of such evidence. It is well-established that the admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Appellant argues that the purpose of the questioning was to show the existence of a debate in the medical community regarding the cause of the type of injuries suffered by Draven. Dr. Duma did acknowledge the existence of such a debate. We simply cannot say that the trial court's exclusion of the evidence sought by defense counsel was so unreasonable, arbitrary, or unconscionable that it amounted to an abuse of discretion.
 {¶ 13} In light of all of the foregoing, we find that the trial court did not err by excluding certain statements. Appellant's first assignment of error is overruled.
 {¶ 14} In his second assignment of error, appellant argues that the trial court erred by denying his motion for acquittal on Count Two of the indictment, both at the end of the state's case, and again at the close of all the evidence. Appellant asserts that he was unduly prejudiced by the trial court's denial of his Crim.R. 29 motions; had the trial court dismissed Count Two, "defense would have had an even greater strength of argument to the jury" who, in turn, would have "examine[d] the remaining evidence even more critically, thereby increasing [appellant's] chances of acquittal."
 {¶ 15} The jury's acquittal of appellant on Count Two, however, renders this question moot at this point. See State v. Williams,74 Ohio St.3d 569, 1996-Ohio-91, certiorari denied (1996), 519 U.S. 835,117 S.Ct. 109. An appellate court does not have a duty to decide moot issues. State v. Johnson (1988), 43 Ohio App.3d 1, 3. "Were we to now confront this * * * issue, we would be issuing an opinion concerning a matter which is no longer in controversy due to the jury's decision. We decline to issue such an advisory opinion." State v. Osborne (Oct. 26, 1987), Butler App. No. CA86-03-039, at 9-10. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, J., and POWELL, J., concur.