[Cite as *Baldridge v. Baldridge*, 2011-Ohio-2423.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

MARY N. BALDRIDGE                    :

                                :       Appellate Case No. 2010-CA-10

       Plaintiff-Appellant            :

                                  :       Trial Court Case No. 2010-DR-299

v.                                   :

                                  :       (Civil Appeal from Common Pleas

BRUCE D. BALDRIDGE                    :       Court, Domestic Relations)

                                  :

       Defendant-Appellee          :

                                  :

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of May, 2011.

. . . . . . . . . . .

ERIN A. MOOSBURGER, Atty. Reg. #0086497, Sebaly Shillito & Dyer, LPA, 1900
Kettering Tower, 40 North Main Street, Dayton, Ohio 45423-1013
      Attorney for Plaintiff-Appellant

BRUCE D. BALDRIDGE, 7067 State Route 121, Greenville, Ohio 45331
      Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1}   Mary Baldridge appeals from the trial court's issuance of a one-year civil

protection order (CPO) against appellee Bruce Baldridge.

{¶ 2}   Mary advances two assignments of error on appeal.[1] First, she contends the

---

[1]For purposes of clarity, we will refer to the parties by their first names.

trial court erred in failing to issue a five-year CPO. Second, she claims the trial court erred in creating an exception to the CPO that allowed contact between the parties regarding their child.[2]

{¶ 3} The record reflects that the trial court issued an ex parte CPO on April 16, 2010, and following an evidentiary hearing, issued a Domestic Violence CPO on April 22, 2010, which, by its terms, was in effect until April 16, 2011. Counsel for the appellant acknowledged that no request has been made to have the CPO extended. Moreover, counsel acknowledged that, subsequent to the issuance of the CPO, the appellant obtained a Final Judgment and Decree of Divorce from the appellee, and that decree contains custody and visitation provisions.

{¶ 4} By the express terms of the CPO, it was to expire on April 16, 2011 "unless earlier modified * * *." There has been no request for an extension of the order in the trial court, and the CPO has now expired. Under these circumstances, we determine that the appellant's cause is now moot and the appeal should be dismissed.

{¶ 5} Additionally, however, regarding the custody and visitation portions of the CPO, R.C. 3113.31(E)(3)(b) provides that any part of a CPO involving allocation of parental rights and responsibilities "shall terminate on the date that a court in an action for divorce * * * issues an order allocating parental rights and responsibilities for the care of children * * *." Accordingly, the custody and visitation portions of the CPO have been terminated by operation of law.

---

[2]Mary's initial appellate brief omitted part of her argument. On May 9, 2011, she moved for leave to file a supplemental brief to include the omitted argument. Mary's motion has been sustained by separate entry. For purposes of our analysis herein, we rely on her brief as supplemented.

**{¶ 6}**   Based on the reasoning set forth above, we determine that the trial court's order has expired or has been terminated and that the appeal is moot.

**{¶ 7}**   This appeal is dismissed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.


Copies mailed to:

Erin A. Moosburger
Bruce D. Baldridge
Hon. Jonathan P. Hein