[Cite as *Jagow v. Weinstein*, 2011-Ohio-2683.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

SHELLY M. JAGOW :
        :  Appellate Case No. 24309
  Plaintiff-Appellee :
        :  Trial Court Case No. 2007-CV-8361
v.        :
        :
LARRY B. WEINSTEIN :  (Civil Appeal from
        :   Common Pleas Court)
  Defendant-Appellant :
        :

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of June, 2011.

. . . . . . . . . . .

RICHARD S. SKELTON, Atty. Reg. #0040694, Richard S. Skelton, Co., LPA, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
  Attorney for Plaintiff-Appellee

JOSEPH L. FELLER, Atty. Reg. #0069898, and JENNIFER L. BROGAN, Atty. Reg. #0075558, Bieser, Greer & Landis LLP, 400 PNC Center, 6 North Main Street, Dayton, Ohio 45402-1908
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Respondent-appellant Larry Weinstein appeals a trial court's denial of his motion to terminate a consent-agreement protection order. The order has expired, so the

appeal is moot. Furthermore, the mootness exception that Weinstein claims applies does not, so the appeal will be dismissed.

{¶ 2} On October 5, 2007, petitioner-appellee Shelly Jagow asked the trial court for an ex-parte protection order, under R.C. 2903.214, against Weinstein, which the court granted. The ex-parte order was vacated when Weinstein and Jagow signed a consent-agreement protection order. They agreed that the order would be in effect until November 21, 2010.

{¶ 3} On June 15, 2009, Weinstein filed a motion asking the trial court to terminate the protection order, or, in the alternative, to modify it. On October 12, 2010, the trial court adopted a magistrate's decision overruling both motions.

{¶ 4} Weinstein appealed.

{¶ 5} Weinstein assigns two errors to the trial court's decision not to terminate the protection order. He argues in the first that there has been a material change in circumstances that warrants termination and in the second that the protection order is no longer equitable.

{¶ 6} Jagow suggests in a footnote that this case is moot because the protection order expired in November 2010. Weinstein responds that the mootness exception for issues that are capable of repetition yet evade review applies here.

{¶ 7} "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14. No actual controversy exists in a case when

an outside event occurs, not the fault of a party, that precludes the court from granting relief that is of any practical benefit to a party. *Miner v. Witt* (1910), 82 Ohio St. 237, at the syllabus. Such a case is moot and will be dismissed unless the court decides to hear it anyway based on an exception. See *State ex rel. Beacon Journal Publishing Co. v. Donaldson* (1992), 63 Ohio St.3d 173, 175.

{¶ 8} Conceding that the order has expired, Weinstein contends that the capable-of-repetition-yet-evading-review exception to mootness requires this court to determine that the appeal is not moot. The exception "applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*,89 Ohio St.3d 229, 231, 2000-Ohio-142 (Citations omitted.).

{¶ 9} Weinstein's exception argument rests on the fact that, after the order expired, Jagow asked the court for another protection order. Indeed, we take judicial notice of the trial court's docket in Case No. 2010 CV 09164 to find that, on November 22, 2010, the day after the consent-agreement order expired, Jagow filed a petition for another protection order against Weinstein.[1] But we must also take judicial notice that, on March 3, 2011, (shortly after

---

[1] The trial court's docket is not part of the record in this case. But the Ohio Supreme Court has said that "an event that causes a case to be moot may be proved by extrinsic evidence outside the record." *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 2000-Ohio-141. And the Court has quoted the Second Circuit Court of Appeals for the proposition that "'[a] court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."'" *State ex rel. Coles v.*

Weinstein filed his reply brief in this case) Jagow filed notice that she was voluntarily dismissing the petition, which closed the case. Consequently, on this record, we find no reason to expect that Weinstein will be subject to a protection order again unless it is supported by new or different conduct about which we should not speculate. Therefore, we determine that this is not the sort of trial-court action to which the capable-of-repetition-yet-evading-review exception applies.

{¶ 10} Other districts have held that expiration of a CPO renders an appeal of the order moot. *See e.g. VanMeter v. VanMeter*, Franklin App. No. 03AP-1107, 2004-Ohio-3390. However, some districts have determined that the expiration of a CPO does not render an appeal from that order moot because of the potential collateral consequences from the still-existing, but expired, order. *See e.g. Wilder v. Perna*, 174 Ohio App.3d 586, 2007-Ohio-6635 (Ohio App. 8 Dist.) We do not need to decide whether a potential collateral consequence from an expired CPO is sufficient for us to hold that an appeal is not moot. That is because in this appeal, Weinstein is not challenging the initial issuance of the consent-agreement protection order per se. Rather, Weinstein is challenging the court's decision not to terminate the order early, before the agreed-to expiration date. Even if his relief requested below had been granted, the pre-existing, but expired, CPO would be a matter of record. Thus, any decision of

*Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, at ¶20, quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.* (C.A.2, 1992), 969 F.2d 1384, 1388. Other appellate courts have also taken judicial notice of a trial court's docket. See, e.g., *Hutz v. Gray*, Trumbull App. No. 2008-T-0100, 2009-Ohio-3410, at ¶40 (taking judicial notice of a trial court's docket in different case); *Stancourt v. Worthington City School Dist. Bd. of Edn.*, 164 Ohio App.3d 184, 2005-Ohio-5702, at ¶14 n.3 (taking judicial notice of a trial court's final judgment entry and decision in a different case); *Cauwenbergh v. Cauwenbergh*, Ashtabula App. No. 2006-A-0008, 2007-Ohio-1070, at ¶17 (taking judicial notice of the trial court's docket in that case to find that the appellee filed for an extension of the civil protection order).

this court on the issue presented would not eliminate the expired order. Therefore, we determine that there are no potential collateral consequences from the expired order which would be resolved by continuing this appeal.

{¶ 11} Since the protection order that Weinstein seeks to have terminated has expired, this case is moot. Because the capable-of-repetition-yet-evading-review exception does not apply, we decline to hear the appeal.

{¶ 12} This appeal is dismissed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.


Copies mailed to:

Richard S. Skelton
Joseph L. Feller
Jennifer L. Brogan
Connie S. Price