[Cite as *Erbes v. Meyer*, 2011-Ohio-3274.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| DEAN ERBES | : | |
| | : | Appellate Case No. 23917 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No.   08-CV-10453 |
| v. | : | |
| | : | |
| NOEL MEYER | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 30th day of June, 2011.

. . . . . . . . . . .

RONALD P. KELLER, Atty. Reg. #0016176, 85 West Main Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

GEORGE A. KATCHMER, Atty. Reg. #0005031, 115 Brookside Drive, Yellow Springs, Ohio 45387
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}   Noel Meyer appeals from the trial court's judgment entry denying him Civ.R. 60(B) relief from a civil stalking protection order ("CSPO").

{¶ 2}   The record reflects that appellee Dean Erbes petitioned for the CSPO in November 2008. The trial court initially entered an ex parte CSPO against Meyer. Following

an evidentiary hearing, Erbes's petition was granted. By its terms, the CSPO was to remain in effect until December 31, 2010.

{¶ 3}   Because Meyer is a deputy sheriff, the trial court modified the CSPO in December 2009, allowing him to take a firearm home. The modification did not change the CSPO's expiration date. Thereafter, Meyer sought relief under Civ.R. 60(B), urging the trial court to vacate the protection order. A magistrate overruled the motion in January 2010. Meyer filed no objections to the magistrate's decision, which the trial court adopted on February 11, 2010. This appeal followed.

{¶ 4}   In his sole assignment of error, Meyer challenges the denial of Civ.R. 60(B) relief. By its terms, however, the CSPO was to expire on December 31, 2010. Erbes never sought to extend it. Therefore, we take judicial notice that the civil order no longer is in effect. As a result, Meyer's appeal is moot. See, e.g., *VanMeter v. VanMeter*, Franklin App. No. 03AP-1107, 2004-Ohio-3390, ¶6 (citing cases finding an appeal involving a civil protection order moot when the order has expired); *Baldridge v. Baldridge*, Darke App. No. 2010-CA-10, 2011-Ohio-2423; but, see, *Wilder v. Perna*, 174 Ohio App.3d 586, 2007-Ohio-6635, ¶15 (recognizing the existence of case law finding such an appeal moot but reaching a contrary conclusion).[1]

{¶ 5}   Even if Meyer's appeal were not moot, we would reject his argument about the

---

[1] Parenthetically, we note that the Ohio Supreme Court's recent decision in *Cleveland Heights v. Lewis*, ___ Ohio St.3d ___, 2011-Ohio-2673, is distinguishable. In *Lewis*, the court held that the expiration of a misdemeanor sentence does not render an appeal moot where the defendant unsuccessfully sought a stay in the trial court. Unlike *Lewis*, the present case does not involve a criminal conviction. Rather, it involves an expired CPO. In a post-argument brief, Meyer claims, without evidentiary support, that he has been denied employment based on the CPO and that his reputation has been damaged. We note, however, that he made little effort to challenge the CPO below, failing even to file objections to the magistrate's denial of Civ.R. 60(B) relief.

denial of Civ.R. 60(B) relief. Under Civ.R. 53(D)(3)(b)(iv) Meyer waived all but plain error by not objecting to the magistrate's decision. Having reviewed the record, we find no plain error. In support of his motion, Meyer claimed Erbes had neglected to mention that Meyer was a deputy sheriff when seeking an ex parte CSPO. Although this is true, the magistrate addressed the omission during the full evidentiary hearing on Erbes's petition. Despite his earlier omission, the magistrate found Erbes entitled to a CSPO. Because the omission already had been addressed, it provided no basis for Civ.R. 60(B) relief. Meyer also cited internal police reports concerning the incidents that led to the CSPO. In those reports, however, investigators neither confirmed nor refuted Erbes's allegations. This equivocal result does not establish plain error in the issuance of a CSPO.

{¶ 6} Based on the reasoning set forth above, Meyer's appeal is dismissed as moot.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ, concur.

Copies mailed to:

Ronald P. Keller
George A. Katchmer
Hon. Connie S. Price