[Cite as *In re A.J.*, 2014-Ohio-5566.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: A.J. | : | APPEAL NO. C-140246 |
| | | TRIAL NO. 13-3354z |
| | : | |
| | : | *O P I N I O N* |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  December 19, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio,

*Gordon C. Magella*, for Defendant-Appellant A.J.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     This is an appeal of a decision adjudicating a juvenile delinquent for being under the influence of alcohol in a public place.  The juvenile, A.J., contends that the state did not present sufficient evidence that he was under the influence of alcohol.  We do not reach the issue.  Because A.J. has voluntarily completed his sentence, his appeal is moot.  We therefore dismiss it.

{¶2}     During a hearing before a juvenile court magistrate, Officer Kimberly Brucker testified that she had encountered A.J. around 2:00 a.m.—two hours after the curfew imposed by the city of Norwood.  When she approached A.J., Officer Brucker smelled a strong odor of alcohol and noticed that A.J.'s eyes were bloodshot and watery.  Based on Officer Brucker's testimony, the magistrate adjudicated A.J. delinquent for being under the influence of alcohol in violation of R.C. 4301.69(E)(1), and sentenced him to two days of work detail.

{¶3}     A.J. filed objections to the magistrate's decision on September 26, 2013.  A hearing was held on the objections on October 14.  Before the trial court ruled on his objections, A.J. completed his work-detail obligation.   The trial court subsequently affirmed the magistrate's decision.

{¶4}     The state contends that A.J.'s appeal is moot because he voluntarily completed his sentence.  A.J. argues that the record does not demonstrate that he completed his sentence, and that, even if he did complete his sentence, the mootness doctrine should not apply.

{¶5}     "[W]here a defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn

2

that he or she will suffer some collateral disability or loss of civil rights stemming from the conviction." *In re Payne*, 1st Dist. Hamilton No. C-040705, 2005-Ohio-4849, ¶ 2. This court has applied the mootness doctrine to juveniles who have been adjudicated delinquent. *Id.* In order for the doctrine to apply, however, it must be shown that the juvenile has served his sentence. *Id.* Here, a notation dated October 26 in the transcript of the docket states, "Work Detail Completed." This is part of the record on appeal. *See* App.R. 9(A)(1). Thus, the record demonstrates that A.J. has completed his sentence.

{¶6} A.J. next contends that even if he has completed his sentence, the mootness doctrine should not apply. He argues that if the completion of his work detail rendered his appeal moot, he would be denied access to the appellate court. He likens this case to *State v. Benson*, 29 Ohio App.3d 109, 110, 504 N.E.2d 77 (10th Dist.1986), in which the Tenth District held that an appeal by a defendant sentenced to "time served" was not moot. But in *Benson*, the defendant served his time involuntarily; he was jailed while his case was pending. He never had a chance to ask for a stay because he had already completed his jail time by the time the sentence was rendered. A.J., in contrast, was not jailed and served his time voluntarily. His objections to the magistrate's decision acted as a stay on proceedings. *See* Juv.R. 40(D)(4)(e)(i). His decision to complete his work detail prior to the trial court's decision on his objections was voluntary.

{¶7} Finally, A.J. maintains that he will suffer some collateral disability as a result of the adjudication. "[T]he completion of a sentence renders an appeal from the related conviction moot * * * because, absent some collateral disability or loss of civil right, there is no subject matter for the court to decide." *State v. Henry*, 9th Dist. Summit No. 25479, 2011-Ohio-3566, ¶ 16, citing *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 9. The burden is on A.J. to demonstrate that a collateral

3

disability exists to prevent the application of the mootness doctrine. *In re S.J.K.* A.J. has not met his burden. Although he suggests that his adjudication could be used against him should he seek to apply to take the bar examination, such a consequence is speculative. "A collateral disability must be a substantial, individualized impairment, and a purely hypothetical statement, about what might occur in the future is not sufficient to give viability to an otherwise moot appeal." *State v. Johnson*, 43 Ohio App.3d 1, 3, 538 N.E.2d 1082 (1st Dist.1988). We conclude that A.J. did not demonstrate the existence of a collateral disability.

{¶8} Because A.J. has voluntarily completed his sentence and has not demonstrated that he will suffer a collateral disability, his appeal is moot, and therefore, we dismiss it.

Appeal dismissed.

**CUNNINGHAM, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.