[Cite as *Cyran v. Cyran*, 2016-Ohio-7323.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| REBECCA L. CYRAN | : | |
| | : | Appellate Case No. 27009 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2015-DV-733 |
| v. | : | |
| | : | (Domestic Relations Appeal from |
| CURTIS P. CYRAN | : |  Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 14th day of October, 2016.

. . . . . . . . . .

REBECCA L. CYRAN, 7165 Chadbourne Drive, Huber Heights, Ohio 45424
       Petitioner-Appellee, *pro se*

ERIK R. BLAINE, Atty. Reg. No. 0080726, Wright and Schulte, LLC, 865 South Dixie
Drive, Vandalia, Ohio 45377
       Attorney for Respondent-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Respondent-appellant Curtis P. Cyran appeals from a domestic violence protection order entered by the Domestic Relations Court, restraining him from having any contact with his ex-wife, petitioner-appellee, Rebecca Cyran.   Cyran argues that the

evidence is insufficient to support the elements necessary for granting a protection order. We conclude that the issues raised in this appeal became moot when the order expired. Therefore, Cyran's appeal is Dismissed as moot.

## I. The Factual and Procedural History

{¶ 2} Curtis Cyran was married to Rebecca Cyran, until a dissolution of marriage was entered in the Warren County Domestic Relations Court in 2013. A shared parenting order was entered governing the parents' rights and responsibilities for their three minor sons. Several post-decree motions were filed in Warren County Domestic Relations Court, and proceedings were pending when Rebecca Cyran petitioned for a domestic violence protection order in Montgomery County Domestic Relations Court. An evidentiary hearing was conducted before a magistrate and a magistrate's decision granted the protection order. The court overruled objections to the magistrate's decision and adopted, as the order of the trial court, the magistrate's decision granting the petition for a domestic violence protection order for a period of one year. In support of the order, the court found that the evidence established that an incident occurred when Rebecca went to Curtis's residence to pick up the children, which was delayed when one of the children could not find his iPad. When Rebecca went up to the house to speak to Curtis about the missing iPad, Curtis came out of the house, grabbed Rebecca and pushed her into the bushes. Curtis went back into the house, then came out again and stated, "She is lucky I didn't shoot her." Rebecca stated that she experienced an immediate fear for her safety.

{¶ 3} The protection order named Rebecca as the only person to be protected,

and did not change the parenting schedule, other than to permit the parties to text each other regarding parenting issues, and allowing curbside pickup and drop off for exchange of the children, without violating the protection order. The protection order was for a period of one year, which expired on June 19, 2016. The petitioner, Rebecca Cyran did not seek to extend the terms of the protection order and has not participated in this appeal. From the protection order, Curtis Cyran appeals.

## II. This Appeal Is Moot, Based on Expiration of the Protection Order

{¶ 4}  Curtis raises two assignments of error contending that a protection order cannot be ordered on the basis of a conditional threat, and that the evidence was insufficient to prove the elements necessary for the granting of a domestic violence protection order.   However, before addressing the merits of the appeal, we note that by its terms, the protection order has expired.

{¶ 5} We have consistently held that the appeal of a protection order is moot after the order has expired. *See Erbes v. Meyer*, 2d Dist. Montgomery No. 23917, 2011-Ohio-3274; *Baldridge v. Baldridge,* 2d Dist. Darke No. 2010-CA-10, 2011-Ohio-2423; *Jagow v. Weinstein*, 2d Dist. Montgomery No. 24309, 2011-Ohio-2683.   While we acknowledge that other appellate courts have recognized exceptions to the mootness doctrine, we find no evidence in the record of the case before us of, nor has Cyran demonstrated, the existence of grounds for applying an exception.   An exception has been recognized in protection order cases when potential adverse collateral consequences could reasonably occur as a result of the order. *Jagow* at ¶ 10, citing *Wilder v. Perna,* 174 Ohio App.3d 586, 2007-Ohio-6635, 883 N.E.2d 1095 (8th Dist.). Several Ohio courts have relied on

case law from Connecticut holding that "[c]ollateral consequences can include the effect on one's credit rating, the ability to drive certain vehicles, the ability to obtain a weapons permit, the ability to obtain employment and the filing of the order in a national registry that is enforceable in 50 states." *Cauwenbergh v. Cauwenbergh*, 11th Dist. Ashtabula No. 2006-A-0008, 2007-Ohio-1070, ¶ 18, citing *Putman v. Kennedy,* 279 Conn. 162, 173-174, 900 A.2d 1256 (2006). *See also Wilder v. Perna*, *supra*. No Ohio court has determined that these potential legal consequences in Connecticut also arise under Ohio law. Ohio law governing permits for concealed handguns only takes into consideration protection orders in effect at the time of application. R.C. 2923.125 (D)(1)(j). Federal law, known as a Brady disqualifier, prohibits gun possession by anyone who is subject to certain types of protection orders, but does not apply to expired orders. 18 U.S.C. 922(g)(8). No provision in Ohio's drivers' license laws, individual or commercial, requires consideration of whether the applicant has or has had a civil protection order issued against him. While we acknowledge that a past protection order could affect a job application for certain types of employment, there is nothing in the record before us to suggest any adverse consequence to Cyran's current or future employment. Similarly, there is nothing in the record to suggest that Cyran's credit rating is affected by the expired protection order, or that a potential adverse effect on his credit rating must be eliminated in order to facilitate a necessary expansion of credit. Pursuant to Rule 10-B of the Rules of Superintendence for the Courts of Ohio, the NCIC National Registry will automatically purge the protection order from its database on its expiration date, so continuing adverse consequences should not occur. Our research has not uncovered any Ohio law that imposes sanctions or adverse consequences from an expired civil protection order by

operation of law.

{¶ 6} The collateral consequences exception to the mootness doctrine was developed in criminal cases because even if an entire sentence has been satisfied before the matter is heard on appeal, the law imposes numerous adverse collateral consequences upon convicted felons. *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus. The collateral consequences to misdemeanants are substantially different and may not be inferred without some evidence of the actual adverse effect on the appellant. "Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus.

{¶ 7} In the case before us, the only collateral consequence cited by Cyran is potential future use of the protection order by his ex-wife in their ongoing contentious post-divorce proceedings. Cyran urges us to follow the holding in *Wilder, supra*, that the appeal of an expired domestic violence protection order is not moot because it is reasonably possible that adverse consequences could affect future proceedings in the "sensitive and often explosively litigated context of family dysfunction and dissolution." *Wilder, supra* at ¶ 15. We will continue to follow our own precedent holding the appeal of a protection order is moot after the order has expired. *Erbes, supra; Baldridge, supra; Jagow, supra.* We acknowledge that when supported by the record, the collateral consequences exception to the mootness doctrine may be applied to the appeal of an expired protection order. However, "[a] collateral disability must be a substantial,

individualized impairment, and a purely hypothetical statement, about what might occur in the future is not sufficient to give viability to an otherwise moot appeal." *In re A.J.,* 1st Dist. Hamilton No. C-140246, 2014-Ohio-5566, ¶ 7, citing *State v. Johnson*, 43 Ohio App.3d 1, 3, 538 N.E.2d 1082 (1st Dist.1988).

**{¶ 8}** We will not speculate whether the parties are likely to suffer collateral consequences from an expired domestic relations protection order in unspecified future post-divorce litigation. Without evidence of adverse collateral consequences, this court has no authority to accept hypothetical, unspecified consequences as grounds for an appeal of an expired order.

### III. Conclusion

**{¶ 9}** This appeal will be Dismissed, as moot.

. . . . . . . . . . . .

DONOVAN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Rebecca L. Cyran
Erik R. Blaine
Hon. Denise L. Cross