[Cite as *R.S. v. Rindler*, 2026-Ohio-584.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| R.S. A MINOR THROUGH NEXT FRIEND MICHAEL SMITH | : | C.A. No. 30543 |
| | : | |
| Appellee | : | Trial Court Case No. 2023 CV 02745 |
| | : | |
| v. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| THOMAS RINDLER | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 20, 2026, the appeal is dismissed as moot.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

MARY K. HUFFMAN, JUDGE

LEWIS, P.J., and TUCKER, J., concur.

OPINION

MELISSA A. BERRY, Attorney for Appellant
MICHAEL SMITH, Appellee, Pro Se

HUFFMAN, J.

{¶ 1} Respondent-appellant Thomas Rindler appeals from the trial court's judgment granting a civil stalking protection order ("CSPO") to petitioner-appellee R.S., a minor through next friend Michael Smith. Rindler complains that the trial court erred in adopting the magistrate's decision granting the CSPO because the trial court's determination that he knowingly engaged in a pattern of conduct causing R.S. to suffer mental distress was not supported by sufficient evidence and was against the manifest weight of the evidence. He also contends that the trial court relied on factual inaccuracies and failed to consider contradictions in R.S.'s testimony, which demonstrated her lack of credibility.

{¶ 2} While the appeal was pending, however, the CSPO expired. Accordingly, the appeal is moot, and it is dismissed.

## I.     Background Facts and Procedural History

{¶ 3} R.S., through her father, Michael Smith, as next friend, filed a petition for a CSPO in May 2023 against Rindler. In her petition, R.S. alleged that she had multiple unwanted interactions with Rindler, who was a thirty-four-year-old stranger to her, claiming that Rindler had shown up at her places of employment (a store owned by her mother and a café) and had waited for her at a nearby coffee shop on more than one occasion. An ex parte hearing was held, and her request for a temporary order of protection was granted at that time.

**{¶ 4}** The matter proceeded to full hearing before the magistrate in July 2023. During the hearing, the magistrate heard testimony from R.S. and Rindler, as well as testimony from their respective witnesses.

**{¶ 5}** On September 12, 2023, a final order of protection was issued, which granted R.S.'s request for the issuance of the CSPO and was effective until December 31, 2025. The magistrate determined that R.S. established by a preponderance of the evidence that Rindler had engaged in a pattern of conduct that caused her and her parents to suffer mental distress. Rindler filed objections to the magistrate's decision.

**{¶ 6}** The trial court agreed with the magistrate. Upon finding that Rindler had not met his burden of showing that the evidence was insufficient to support the granting of the protection order, the court overruled Rindler's objections to the magistrate's decision. Rindler's appeal followed.

## II.     Assignments of Error

**{¶ 7}** On appeal, Rindler asserts three assignments of error. In his first assignment of error, he broadly contends that the trial court erred in adopting the magistrate's decision granting the protection order. He claims the trial court's finding that he knowingly engaged in a pattern of conduct that caused R.S. to believe that he would cause her physical harm or caused her mental distress was not supported by sufficient evidence and was against the manifest weight of the evidence. In his second and third assignments of error, he contends that the trial court erred in adopting the magistrate's decision when it relied on and included factual inaccuracies in the statement of facts. He further argues that the trial court failed to consider the contradictions in R.S.'s testimony, which demonstrated her lack of credibility. He therefore asks that we reverse the trial court's decision.

3

**{¶ 8}** We note, however, that although the trial court granted R.S.'s request for a protection order, the order expired in December 2025. Thus, while this appeal was pending, the CSPO expired. There is nothing in the record to suggest that R.S. has attempted to extend the protection order.

**{¶ 9}** "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." *Id.*, citing *In re A.G.*, 2014-Ohio-2597, ¶ 37. Therefore, "'[c]ourts should "not * * * give opinions upon moot questions or abstract propositions, or * * * declare principles or rules of law which cannot affect the matter in issue in the case before it."'" *Thompson v. Atkins*, 2025-Ohio-416, ¶ 8 (4th Dist.), quoting *Jones v. Jones*, 2021-Ohio-1498, ¶ 53 (4th Dist.), quoting *Miner v. Witt*, 82 Ohio St. 237, 238 (1910). "'An issue becomes moot when it is or has "become fictitious, colorable, hypothetical, academic or dead."'" *Id.*, quoting *Jones* at ¶ 53, quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (7th Dist. 1948).

**{¶ 10}** In *Thompson*—a case like this one involving an expired CSPO—the Fourth District set forth exceptions to the mootness doctrine, stating:

There are exceptions to the mootness doctrine, such as when issues are "capable of repetition, yet evading review." *See State ex rel. Beacon Journal Publishing Co. v. Donaldson* (1992), 63 Ohio St.3d 173, 175, 586 N.E.2d 101. "[T]his exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to

4

the same action again." *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182; *see, also*, *State ex rel. White v. Kilbane Koch,* 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508. The Supreme Court of Ohio has recognized two other exceptions to the mootness doctrine: (1) when the issue involves "a matter of great public interest," or (2) when "there remains a debatable constitutional question to resolve." *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 505 N.E.2d 966, paragraph one of the syllabus;

*Id.*, quoting *McClead v. McClead*, 2007-Ohio-4624, ¶ 15 (4th Dist.). As in *Thompson*, however, none of these exceptions apply here.

{¶ 11} Moreover, we have consistently held that the appeal of a protection order is moot after the order has expired. *Cyran v. Cyran*, 2016-Ohio-7323, ¶ 5 (2d Dist.), citing *Erbes v. Meyer,* 2011-Ohio-3274 (2d Dist.), *Baldridge v. Baldridge,* 2011-Ohio-2423 (2d Dist.), and *Jagow v. Weinstein,* 2011-Ohio-2683 (2d Dist.). In *Cyran*, we considered whether the collateral-consequences exception to mootness applied in a case concerning a domestic violence protection order. *Id*. In our conclusion, we observed that "'[a] collateral disability must be a substantial, individualized impairment, and a purely hypothetical statement, about what might occur in the future is not sufficient to give viability to an otherwise moot appeal.'" *Id*. at ¶ 7, quoting *In re A.J.,* 2014-Ohio-5566, ¶ 7 (1st Dist.), citing *State v. Johnson,* 43 Ohio App.3d 1, 3 (1st Dist.1988).

{¶ 12} The Supreme Court of Ohio affirmed our conclusion in *Cyran*, finding that "in the absence of demonstrated legal collateral consequences, the collateral-consequences exception to the mootness doctrine does not apply to an expired domestic-violence civil protection order." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 7. The Court explained that "under

5

current law, the collateral-consequences exception to mootness applies in cases in which the collateral consequence is imposed as a matter of law," and "there is no provision of Ohio law that imposes a restriction as a result of an expired protection order." *Id.* at ¶ 9, 11.

{¶ 13} Here, the CSPO expired while Rindler's appeal was pending, and there is no evidence that R.S. requested an extension of the protection order. Because the CSPO expired by its own terms and neither the collateral consequences nor any other exception to the mootness doctrine applies, we conclude that the questions raised in Rindler's appeal are moot.

### III.    Conclusion

{¶ 14} Having concluded that Rinder's appeal is moot, the appeal is dismissed.

. . . . . . . . . . . . .

LEWIS, P.J., and TUCKER, J., concur.

6