OPINION
{¶ 1} Defendant-appellant Harold Moore appeals his conviction and sentence for assault and domestic violence, misdemeanors of the first degree and fourth degree, respectively.
 {¶ 2} On June 15, 2004, Moore was charged in the Municipal Court of Dayton with two counts of assault, one count of disorderly conduct, and two counts of domestic violence. On July 13, 2004, Moore plead no contest to one count of assault and one count of domestic violence, and the trial court found Moore guilty of said offenses. On September 28, 2004, the trial court sentenced Moore to thirty days in jail for the domestic violence conviction, but he was given credit for thirty days that he had previously served. With respect to the assault conviction, Moore was sentenced to one-hundred eighty days. The trial court gave Moore credit for thirty days previously served and suspended the remaining one-hundred fifty days. Moore was given two years probation as well as ordered to pay $65.00 in court costs and attend the "stop the violence" program. Moore paid the full amount of his court costs on October 29, 2004, and as of February 18, 2005, Moore's probation case was reported closed.
 {¶ 3} From his conviction and sentence, Moore appeals.
 I {¶ 4} Moore's sole assignment of error is as follows:
 {¶ 5} "THE MUNICIPAL COURT ERRED BY FAILING TO INFORM THE APPELLANT, (sic) OF THE EFFECT OF A NO CONTEST PLEA PRIOR TO ACCEPTING THE PLEA IN VIOLATION OF RULE 11(E) OF THE OHIO RULES OF CRIMINAL PROCEDURE."
 {¶ 6} In his only assignment of error, Moore contends that the trial court erred when it failed to orally inform him of the effect of his no contest pleas in violation of Crim. R. 11(E). The offenses with which Moore was charged were misdemeanors constituting petty offenses since the prescribed penalties may not exceed six months. Crim. R. 2(C) and (D). Crim. R. 11(E) states in pertinent part:
 {¶ 7} "(E) Misdemeanor cases involving petty offenses"
 {¶ 8} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, or not guilty."
 {¶ 9} Crim. R. 11(B)(2) explains the effect of a no contest plea:
 {¶ 10} "(B) Effect of guilty or no contest pleas"
 {¶ 11} "(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 12} The State concedes that the trial court did not comply with Crim. R. 11(E) since the court failed to inform Moore of the effect of his no contest plea at the sentencing hearing. However, the State argues that Moore's appeal is moot because he has completed the sentence imposed by the trial court, and he has suffered no collateral disability or loss of civil rights as a result of the conviction and sentence. We agree.
 {¶ 13} In State v. Berndt (1987), 29 Ohio St.3d 3, 504 N.E.2d 712, the Ohio Supreme Court held that "where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction". Quoting State v. Wilson (1975), 41 Ohio St.2d 236, 325 N.E.2d 236. The burden of presenting evidence that has such a "substantial stake in the judgment of conviction" is upon the defendant. Wilson, supra, at 237,325 N.E.2d at 237.
 {¶ 14} Further, a "collateral disability must be a substantial, individualized impairment, and a purely hypothetical statement about what might occur in the future is not sufficient to give viability to an otherwise moot appeal." State v. Johnson (1988), 43 Ohio App.3d 1, 3,538 N.E.2d 1082. Moore does not dispute that he has completed the sentence imposed by the trial court. Rather, Moore contends that since he was convicted of domestic violence under R.C. § 2919.25(A)(1), he will suffer a collateral disability if a court were to consider the conviction against him when allocating parental rights were there to be a custody dispute over Moore's son pursuant to R.C. § 3109.04(C).
 {¶ 15} A conviction for domestic violence under R.C. § 2925.19 is only one of many factors to be considered by the trial court pursuant to R.C. § 3109.04(C) when making a determination as to whom custody of a minor child should be awarded. More importantly, Moore's argument in this regard is purely speculative given that there is no evidence in the record that a custody dispute over Moore's son has arisen at any point during these proceedings. Thus, we find that Moore has suffered no collateral disability or substantial impairment of his civil rights that would justify vacating his no contest plea.
 {¶ 16} Moore's sole assignment of error is overruled.
 II {¶ 17} Because Moore has completed his sentence and because he has presented no evidence from which this Court could conclude he has suffered a collateral legal disability or loss of civil rights, we dismiss Moore's appeal.
Brogan, P.J. and Fain, J., concur.