[Cite as *State v. Parrish*, 2013-Ohio-305.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | Appellate Case Nos.   25050 |
| | : | 25032 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos.   11-CRB-9584 |
| v. | : | 11-TRD-15003 |
| | : | |
| WILLIAM A. PARRISH, JR. | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Dayton Municipal Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of February, 2013.

. . . . . . . . . . .

JOHN J. DANISH, Atty. Reg. #0046639, and STEPHANIE L. COOK, Atty. Reg. #0067101, by TROY B. DANIELS, Atty. Reg. #0084957, City of Dayton Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

KATHRYN L. BOWLING, Atty. Reg. #0084442, Bowling Law Office, L.L.C., 111 West First Street, Suite 518, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    After a consolidated bench trial on January 3, 2012, William A. Parrish was

found guilty of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(A), in Dayton Municipal Court Case No. 2011CRB9584. He also was found guilty of driving without a license, in violation of R.C. 4510.12, and operating a vehicle without a front license plate, in violation of R.C. 4503.21, in Dayton Municipal Court Case No. 2011TRD15003. The failure-to-comply and no-operator's-license offenses both were first-degree misdemeanors, and the license-plate violation was a minor misdemeanor.

{¶ 2} On January 19, 2012, Parrish was sentenced to 180 days in jail on the failure-to-comply charge, with 90 days suspended, and a mandatory Class I lifetime driver's license suspension due to that conviction. At the same hearing, the defendant was sentenced on the no-operator's-license charge to 180 days in jail, with 90 days suspended, to be served concurrently with the failure-to-comply sentence.[1] No fines or costs were imposed due to Parrish's indigence. Notices of appeal were filed in each case and docketed as CA 25050 and CA 25032, respectively. They were consolidated for appeal.

{¶ 3} Parrish's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after diligent review of the record, she found no potentially meritorious issues for appeal. Counsel set forth two potential assignments of error, namely (1) that the verdicts were against the manifest weight of the evidence and (2) that trial counsel was ineffective for failing to inform the defendant of his right to a jury trial.

{¶ 4} By entry, we informed Parrish that his attorney had filed an *Anders* brief and

---

[1] We note that Parrish's sentences now have been served. He was in custody on other pending charges at the time of his sentencing, he has continued to remain in custody, and he now is serving a 24-year prison sentence in Montgomery County Case No. 2011 CR 3199/1, which is on appeal as CA 25282.

granted him 60 days from that date to file a pro se brief. Parrish responded, pro se, indicating that he had not received a copy of the trial transcript and requesting appointment of new counsel. We denied the request for new counsel and ordered the transcripts to be sent to Parrish, which was accomplished.   As of the submission of this case for decision, no pro se brief has been filed.

{¶ 5}    When a defendant convicted of a misdemeanor has not moved for a stay of his sentence, and has completed the sentence and paid any fine or costs, an appeal from the conviction is moot unless the defendant is subject to a collateral legal disability stemming from the conviction.   *City of Dayton v. Elifritz*, 2d Dist. Montgomery No. 19603, 2004–Ohio–455; *State v. Tilton,* 2d Dist. Montgomery No. 24527, 2011–Ohio–5564, ¶18-19.

{¶ 6}    With respect to Case No. CA 25032, stemming from Dayton Municipal Court case 2001TRD15003, the defendant did not request a stay, has completed his sentence, and was not assessed any fines or costs. That appeal is moot and must be dismissed because the record does not reveal any collateral legal disability stemming from the conviction.[2]  However, with respect to Case No. CA 25050, stemming from the failure-to-comply in Dayton Municipal Court Case No. 2011 CRA9584, although the defendant has completed his jail sentence and is not subject to any fines or costs, he did incur a lifetime driver's license suspension. Because of that collateral consequence, the appeal from the failure-to-comply conviction is not moot. Thus, we proceed only on that appeal.

{¶ 7}    The evidence presented at trial revealed that on September 8, 2011, Dayton

---

[2]   The dismissal of Case No. 25032, without further consideration of potential errors, applies regardless of the fact that counsel has filed an *Anders* brief. Because the appeal is moot, and must be dismissed, there cannot be any potential assignment of error that would have arguable merit in that appeal.

police officers Gould and Zecchini were on patrol in a marked cruiser when they observed a vehicle being operated without a front license plate. A traffic stop was made and the vehicle, containing only the driver, stopped in a nearby Dollar General store parking lot. Officer Gould, who had sixteen and a half years of experience, approached the driver's side, and Officer Zecchini, who had thirteen and a half years of experience, approached the passenger side. The driver, identified at trial as the defendant by both officers, was asked for identification. He began grabbing all his pockets as if looking for his wallet and fumbling around with the glove box. Gould asked about the owner of the car, and the defendant said it was his girlfriend's. After about forty-five seconds of fumbling, Gould asked the defendant to exit the car. The defendant refused. Gould opened the driver's door. The defendant put the car in gear and fled. The officers did not pursue the defendant for the traffic offenses because of a Dayton police-pursuit policy.

{¶ 8} The officers completed a report and a computer field-interview card. In that narrative, Gould described the year and make of the vehicle and characterized the driver as "B/M DRIVER 6 FT 22-26 YRS OF AGE." The defendant was forty-three years old at the time. In the report, Gould described the defendant as having wavy hair. As a result of follow up investigation, details of which are not of consequence, Gould learned approximately a week later that the subject he had stopped could be William Parrish. Gould looked up Parrish's photograph on JusticeWeb, a computer database of prior arrests, and it matched. Parrish was charged with multiple offenses including failure to comply with an order or signal of a police officer.

{¶ 9} At trial, Officer Gould testified that he was certain the defendant had been the

driver. He was cross examined about listing the defendant as being 22-26 years of age and responded that he has a hard time telling ages. Officer Zecchini testified that he was 100 percent certain the in-court defendant had been the driver of the car at the time of the offense. There was no contrary testimony.

{¶ 10} Appellate counsel first raises the potential error that the conviction was against the manifest weight of the evidence, but the legal argument in that section of the brief refers to sufficiency of the evidence. Sufficiency and manifest weight are different concepts, but we will address both. "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009–Ohio–525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). When reviewing whether the State has presented sufficient evidence, the inquiry is whether any rational finder of fact, after viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997). A guilty verdict will not be disturbed on appeal for insufficient evidence unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." *Id.*

{¶ 11} A weight-of-the-evidence argument is different. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction

must be reversed and a new trial ordered." *Thompkins* at 387. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 12} We conclude that neither a sufficiency-of-the-evidence nor weight-of-the-evidence argument has arguable merit. The only issue of substance argued at trial was the identity of the defendant. For purposes of sufficiency, because we must construe the evidence in the light most favorable to the State, it is impossible for us to conclude that the defendant was not identified as the driver. There was no direct evidence to the contrary. Even if trial counsel's arguments about the age discrepancy raise some inconsistency, a sufficiency argument fails because, based on the remainder of the evidence alone, upon which the trial court was entitled to rely, there was sufficient evidence presented for a conviction. Accordingly, a sufficiency-of-the-evidence argument lacks arguable merit.

{¶ 13} With regard to a weight-of-the-evidence argument, to reverse a conviction as being against the manifest weight of the evidence requires us to determine that the fact finder clearly lost its way. *Thompkins* at 387. Two experienced police officers identified the defendant as the person they saw driving the car in the Dollar General lot. Assuming that the estimate of the defendant being 22-26 years of age, when in fact he was forty-three, diminishes to some degree the evidentiary value of the identifications, there is simply no contrary evidence to weigh against the identifications. The record fails to persuade us of any reasonable argument that this is an exceptional case where the trial court lost its way. Accordingly, a weight-of-the-evidence argument does not have arguable merit either.

{¶ 14}  Counsel's second potential error is that trial counsel was ineffective for failing to inform the defendant of his right to a jury trial. The record does not support the potential argument. The only reference to the issue occurred at sentencing when the defendant said, "The Prosecutor never gave me a form to waive my right to a jury trial or a bench trial." (Sentencing Tr. at 5). The trial court then explained that the procedure in municipal court is different and that, unlike felony cases, a jury trial for a misdemeanor case requires a written jury demand to be filed. *See* Crim.R. 23(A). The defendant replied, "Oh it is." (*Id*.). In other words, the defendant never said he wanted a jury trial. He said only that the prosecutor never gave him the form to waive a jury. Thus, there is nothing in the record to indicate that the defendant's trial counsel failed to inform him of his right to a jury trial.

{¶ 15}  The record before us does not indicate that Parrish's trial attorney misinformed him about a jury trial. It is well settled that if an alleged error requires presentation of evidence outside the record, it must be raised in a petition for post-conviction relief rather than on direct appeal. *State v. Cooperrider*, 4 Ohio St.3d 226, 228-229, 448 N.E.2d 452 (1983). Finally, the defendant cannot successfully assert he was unaware of the jury-trial right or procedure. At his arraignment, the trial court stated:  "You do have the right * * * to a trial by judge or jury. * * * [I]f you would like a jury trial, you must make a written demand for a jury." (Arraignment Tr. at 2-3).  Assistance of counsel will not be deemed ineffective unless and until counsel's performance is proven to have fallen below an objective standard of reasonable representation and, in addition, prejudice arose from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is simply nothing in the record to make a non-frivolous argument concerning ineffective

assistance of counsel. We agree with appointed appellate counsel that an appeal based on this claim lacks arguable merit.

{¶ 16}   In addition, pursuant to our responsibilities under *Anders*, we independently have reviewed the record in this case. Having done so, we agree with the assessment of appointed appellate counsel that there are no non-frivolous issues for our review.

{¶ 17}   Based on the reasoning set forth above, the judgment of the Dayton Municipal Court is affirmed in appellate case number CA 25050. The appeal is dismissed, as moot, in appellate case number CA 25032.

. . . . . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.


Copies mailed to:

John J. Danish
Stephanie L. Cook
Troy B. Daniels
Kathryn L. Bowling
William Parrish, Jr.
Hon. Deirdre E. Logan