[Cite as *State v. Collins*, 2013-Ohio-5642.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 12 MA 157 |
| V. | ) | |
| | ) | OPINION |
| ABBOTT A. COLLINS, JR., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Youngstown Municipal Court of Mahoning County, Ohio
Case No. 12CRB394

JUDGMENT:     Dismissed

APPEARANCES:
For Plaintiff-Appellee     Dana Lantz
Prosecutor
Kathleen Thompson
Assistant Prosecutor
26 S. Phelps Street, 4th Floor
Youngstown, Ohio 44503

For Defendant-Appellant     Attorney Andrew R. Zellers
3810 Starrs Centre Drive
Canfield, Ohio 44406

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: December 12, 2013

DONOFRIO, J.

{¶1} Defendant-appellant, Abbott Collins, appeals from a Youngstown Municipal Court judgment convicting him of possession of drug paraphernalia following his no contest plea and the sentence that followed.

{¶2} On March 1, 2012, appellant was issued citations for possession of an open container in a motor vehicle, a minor misdemeanor in violation of R.C. 4301.62, and possession of drug paraphernalia, a fourth-degree misdemeanor in violation of R.C. 2925.14. He initially entered a not guilty plea to the charges.

{¶3} Appellant later changed his plea to no contest to the possession of drug paraphernalia charge. In exchange, plaintiff-appellee, the State of Ohio, dismissed the open container charge.

{¶4} The trial court sentenced appellant to 30 days in jail and ordered him to pay a $100 fine plus costs.

{¶5} This court granted appellant leave to file a delayed appeal on September 19, 2012. Appellant's appointed counsel filed a brief titled as an *Anders* brief. But because counsel listed assignments of error with three distinct issues for consideration and because appellant seeks relief through a remand and resentencing, this court stated in a judgment entry that we would construe appellant's brief as a merit brief.

{¶6} Appellant raises three assignments of error. Each of his assignments of error asserts that the trial court abused its discretion in sentencing him. His first assignment of error states:

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MAXIMUM SENTENCE DESPITE THE PRESENCE OF MITIGATING FACTORS AND ABSENT THE PRESENCE OF ANY AGGRAVATING FACTORS.

{¶7} Appellant first argues that there were no aggravating factors present in this case in support of imposing the maximum sentence but instead there were several mitigating factors that the trial court failed to consider.

**{¶8}** Appellant's second assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MAXIMUM SENTENCE WHEN IT WAS NOT NECESSARY TO PUNISH, PROTECT THE PUBLIC AND DETER OTHERS, AND WOULD PLACE AN UNDUE BURDEN ON THE STATE TO INCARCERATE THE DEFENDANT-APPELLANT.

**{¶9}** Next, appellant argues that the trial court's "reasons" for imposing the maximum sentence are not supported by any facts or evidence in the record. Appellant goes on to argue the court should have focused on rehabilitating him and changing his behavior through a substance abuse program instead of sending him to jail for 30 days. And appellant asserts that incarcerating him places an undue burden on government resources.

**{¶10}** Appellant's third assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MAXIMUM SENTENCE WHEN THE DEFENDANT-APPELLANT'S CONDUCT WAS NOT THE WORST FORM OF THE OFFENSE AND PRIOR SENTENCES WERE NOT DEEMED INEFFECTIVE IN DETERRING THE DEFENDANT-APPELLANT FROM COMMITTING FUTURE CRIMES.

**{¶11}** Finally, appellant contends that there was no evidence that he committed the worst form of the offense so as to warrant a maximum jail sentence.

**{¶12}** In each of appellant's assignments of error he asserts the trial court should not have sentenced him to a maximum 30-day jail sentence. He does not take issue with the $100 fine.

**{¶13}** Appellant has already completed his 30-day jail sentence. As of the

date of the writing of this opinion, he has yet to pay his $100 fine and his $70 court costs. He has not requested a stay of execution.

{¶14} Appellant acknowledges that he has served his sentence in this case. But he states that he "still wishes to appeal this matter due to the fact he received the maximum incarceration for a fourth degree misdemeanor without the proper justification."

{¶15} This appeal is moot. If appellant's assignments of error dealt with his conviction or asserted that his fine was an abuse of discretion, then his appeal would not be moot. But he only takes issue here with his 30-day jail sentence, which he has already completed.

{¶16} Generally, when a defendant convicted of a misdemeanor has not moved for a stay of his sentence, and has completed the sentence and paid any fine or costs, his appeal is moot unless he is subject to a collateral legal disability stemming from the conviction. *State v. Parrish*, 2d Dist. Nos. 25050, 25032, ¶5. But when the defendant has yet to pay his fine and costs, the appeal is not moot because there is still some relief that can be granted on appeal.

{¶17} In the present case however, appellant has only asserted that his maximum jail sentence was an abuse of discretion. He does not take issue with his underlying conviction or his fine.

{¶18} We addressed a similar issue in *State v. Verdream*, 7th Dist. No. 02 CA 222, 2003-Ohio-7284, dealing with an appeal of a felony sentence that had already been served. In that case, the appellant did not request a stay of execution of his felony sentence. His sentence was completed one month before we decided his appeal. We noted that an appeal challenging a felony conviction is not moot even if the entire sentence is served before the appeal is decided because of the adverse collateral disabilities that accompany a felony conviction even after the sentence has been completed. *Id.* at ¶13. But we then held:

> If an individual has already served his sentence and is only questioning
> whether or not the sentence was correct, there is no remedy that we

can apply that would have any effect in the absence of a reversal of the underlying conviction. *State v. Beamon* (Dec. 14, 2001), 11th Dist. Nos. 2000-L-160, 2001-Ohio-8712; see, also, *State v. Moore* (Sept. 19, 20002), 7th Dist. No. 00AP0741. Appellant is not challenging the underlying conviction, and therefore, this appeal is now moot.

*Id.* Consequently, we dismissed the appeal.

{¶19} The present appeal is moot for the same reasons stated in *Verdream*. Appellant only questions whether his sentence was correct. Appellant does not challenge his underlying conviction or his fine. There is no remedy we can apply that would have any effect in this case.

{¶20} For the above reasons, appellant's appeal is dismissed. It is moot because appellant has fully served his jail sentence and his appeal deals only with sentencing issues.

Waite, J., concurs.

DeGenaro, P.J., concurs.