[Cite as *State v. Tamas*, 2018-Ohio-1058.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.: 27573 |
| | : | |
| v. | : | T.C. NO. 2017-CRB-1921 |
| | : | |
| CHRISTOPHER J. TAMAS | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 23rd day of March, 2018.

. . . . . . . . . . .

MATTHEW KORTJOHN, Atty. Reg. No. 83743, 335 West Third Street, Suite 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

DAWN GARRETT, Atty. Reg. No. 55565, 70 Birch Alley, Suite 240-24005, Dayton, Ohio 45440
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Christopher J. Tamas appeals his conviction and sentence for two counts of domestic violence, in violation of R.C. 2919.25(C), and three

counts of menacing, in violation of R.C. 2903.22. All of the counts are misdemeanors of the fourth degree. Tamas filed a timely notice of appeal with this Court on April 27, 2017.

{¶ 2} On March 30, 2017, Tamas was charged in the Municipal Court of Dayton with three counts of domestic violence and three counts of menacing involving three victims. Each victim represented one count of domestic violence and one count of menacing. At his arraignment on March 31, 2017, Tamas pled not guilty to all of the charges and his case was set for trial. Tamas remained in jail pending trial on a $10,000.00 bond.

{¶ 3} Prior to trial, the State dismissed one of the counts of domestic violence. Thereafter on April 12, 2017, the matter proceeded to a bench trial, after which the trial court found Tamas guilty of the remaining two counts of domestic violence and three counts of menacing. On April 13, 2017, the trial court merged two counts of menacing into the two remaining counts of domestic violence, leaving one count of menacing. The trial court sentenced Tamas to thirty days in jail on each of the three remaining counts and ordered them to be served concurrently, for an aggregate sentence of thirty days. The trial court gave Tamas credit for fourteen days that he had already served and five days were suspended, leaving Tamas eleven days to be served at the Montgomery County Jail. Tamas was fined $50.00 and ordered to pay court costs. The trial court did not impose any community control sanctions.

{¶ 4} Tamas subsequently completed his jail sentence and was released on April 23, 2017. As previously stated, Tamas filed a timely notice of appeal on April 27, 2017. Tamas did not seek a stay of his sentence, and Dayton Municipal Court records indicate that he paid his court costs and fine in full on July 21, 2017.

{¶ 5} From his conviction and sentence, Tamas now appeals.

{¶ 6} Tamas' assignments of error will be discussed together as follows:

{¶ 7} "THE TRIAL COURT ERRED AND VIOLATED DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS WHEN IT CONVICTED AND/OR SENTENCED DEFENDANT FOR FIVE SEPARATE CRIMES THAT AROSE OUT OF THE SAME SINGLE COURSE OF CONDUCT, WHICH ACTIONS WERE ALLIED OFFENSES OF SIMILAR IMPORT WITH A SINGLE ANIMUS AND/OR WHICH CONVICTIONS WERE FOR BOTH THE GREATER AND LESSER INCLUDED OFFENSES."

{¶ 8} "DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS, TRIAL BY AN IMPARTIAL JURY, AND EFFECTIVE ASSISTANCE OF COUNSEL."

{¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT DENIED DEFENDANT'S MOTION FOR ACQUITTAL."

{¶ 10} "THE TRIAL COURT ERRED AND DENIED DEFENDANT HIS CONSTITUTIONAL RIGHT TO DUE PROCESS, CONFRONTATION OF WITNESSES AND TO A FAIR TRIAL WHEN IT REFUSED TO ADMIT THE PRIOR WRITTEN CONTRADICTORY STATEMENTS OF THE WITNESSES AND THE PHOTOGRAPHIC EVIDENCE OF THE BLOODY BEATEN FACE OF DEFENDANT."

{¶ 11} "THE VERDICT WAS BASED UPON INSUFFICIENT EVIDENCE AND/OR WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE AND THE TRIER OF FACT CLEARLY LOST HIS WAY."

{¶ 12} In *State v. Berndt,* the Ohio Supreme Court held that "where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence

for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." 29 Ohio St.3d 3, 4, 504 N.E.2d 712 (1987), quoting *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975). The burden of presenting evidence that has such a "substantial stake in the judgment of conviction" is upon the defendant. *Wilson* at 237, 325 N.E.2d at 237.

**{¶ 13}** "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 114 Ohio St.3d 23, 2007–Ohio–2621, 867 N.E.2d 408, ¶ 10. "[A] collateral legal disability implies a separate and distinct consequence from the original criminal prosecution, that is, there must be some other effect, adverse to the defendant beyond expected punishment for his current offense." *State v. McCarty*, 2d Dist. Montgomery No. 20581, 2005–Ohio–4031, ¶ 4.

**{¶ 14}** Further, a "collateral disability must be a substantial, individualized impairment, and a purely hypothetical statement about what might occur in the future is not sufficient to give viability to an otherwise moot appeal." *State v. Moore*, 2d Dist. Montgomery No. 20772, 2005-Ohio-4518, ¶ 14, quoting *State v. Johnson*, 43 Ohio App.3d 1, 3, 538 N.E.2d 1082 (1st Dist.1988). We agree with the State that Tamas will not suffer any collateral disability as a result of his domestic violence and menacing convictions. All of Tamas' convictions involve misdemeanors, not felonies. Tamas did not request a stay of his sentence. Finally, Tamas has completed the jail sentence imposed by the trial court and paid his fine and court costs in full.

**{¶ 15}** In his brief, Tamas makes no mention of any claimed disability or loss of

civil rights stemming from these convictions. Specifically, Tamas has not argued that he is subject to a statutory penalty for his domestic violence convictions which extends beyond his sentence. Even if Tamas had advanced this argument, his appeal would still be dismissed as moot. It is true that Tamas' domestic violence convictions will subject him to potential enhanced penalties, should he reoffend. Nevertheless, we have previously held that the possibility of enhancement of a domestic violence conviction does not create a collateral disability, because "no such disability will exist if [the defendant] remains within the confines of the law." *State v. Caudill*, 2d Dist. Montgomery No. 24881, 2012-Ohio-2230, ¶ 14, quoting *Berndt*, 29 Ohio St.3d 3, 5, 504 N.E.2d 712 (1987). Thus, we find that Tamas has suffered no collateral disability or substantial impairment of his civil rights stemming from his misdemeanor convictions.

**{¶ 16}** Because Tamas has completed his sentence and because he has presented no evidence from which this Court could conclude he has suffered a collateral legal disability or loss of civil rights, we dismiss Tamas' appeal as moot. We therefore need not address the merits of Tamas' five assignments of error.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Matthew Kortjohn
Dawn Garrett
Hon. Christopher D. Roberts