[Cite as *State v. Thatcher*, 2024-Ohio-5993.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio/City of Hilliard, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 23AP-616 |
| v. | : | (M.C. No. 2023CRB-2498) |
| Matthew A. Thatcher, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio/City of Hilliard, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 23AP-617 |
| v. | : | (M.C. No. 2023CRB-9134) |
| Matthew A. Thatcher, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 23, 2024

**On brief:** *The Nicodemus Law Office, LPA*, and *Bradley S. Nicodemus*, Special Prosecutor for City of Hilliard for appellee. **Argued:** *Bradley S. Nicodemus*.

**On brief:** *Bellinger & Donahue*, and *Kerry M. Donahue*, for appellant.

APPEALS from the Franklin County Municipal Court

LELAND, J.

{¶ 1} Defendant-appellant, Matthew A. Thatcher, appeals from judgments of conviction and a revocation of probation entered by the Franklin County Municipal Court.

## I. Facts and Procedural History

{¶ 2}    Appellant filed notices of appeal from two distinct, but related, municipal court judgment entries: M.C. No. 2023CRB-2498 ("case No. 2498") and M.C. No. 2023CRB-9134 ("case No. 9134").

{¶ 3}    In case No. 2498, the state charged appellant on February 3, 2023 with one count of menacing by stalking in violation of R.C. 2903.211. Appellant pled guilty on June 8, 2023. That same day, June 8, 2023, the municipal court sentenced appellant to pay a $500 fine and serve 180 days in jail, though it suspended all 180 days of the sentence in favor of 3 years of community control. As a condition of appellant's probation, he was required to keep away from the victim and comply with a protection order issued by the Franklin County Court of Common Pleas in a separate case. On June 9, 2023, a statement of violations alleged appellant had violated the terms of his probation.

{¶ 4}    In case No. 9134, appellant was arrested on June 9, 2023 for violation of the protection order. On September 18, 2023, appellant pled not guilty.

{¶ 5}    On September 18, 2023, the municipal court held a jury trial for appellant's alleged violation of the protection order in case No. 9134 simultaneously with a probation revocation hearing in case No. 2498. After witness testimony and deliberations, the jury found appellant guilty of violating the protection order. The municipal court separately determined appellant violated the terms of his probation. The municipal court sentenced appellant as follows: 81 days in prison in case No. 2498, and 80 days in prison in case No. 9134. The municipal court ordered appellant to serve those sentences consecutively for a total of 161 days in prison.

{¶ 6}    On October 12, 2023, appellant filed notices of appeal in case Nos. 2498 and 9134. Appellant did not file a motion to stay the execution of his sentences pending appeal, and he has now fully served his sentences of imprisonment in both cases.

## II. Assignments of Error

{¶ 7}    Appellant presents the following three assignment of error for our review:

> I. ALTHOUGH THE APPELLANT COMPLETED THE SERVICER OF HIS SENTENCE OF INCARECERATION [SIC], THIS CASE IS NOT MOOT.

II. APPELLANT WAS DENIED DUE PROCES[S] OF LAW
WHEN HIS PROBATION VIOLATION CASE WAS TRIED AS
PART OF HIS JURY TRIAL.

III. APPELLANT WAS SENTENCED TO MAXIMUM
CONSECUTIVE SENTENCES FOR WHICH THE REQUIRED
FINDINGS WERE NOT MADE AND JOURNALIZED.

### III. Analysis

{¶ 8}  In his first assignment of error, appellant claims the appeal is not moot despite the fact that he has fully served his sentences.  Although this assignment of error fails to allege any error on the part of the municipal court, we nevertheless address the substance of appellant's argument.

{¶ 9}  "[W]hen a defendant convicted of a misdemeanor has not moved for a stay of his sentence, and has completed the sentence and paid any fine or costs, his appeal is moot unless he is subject to a collateral legal disability stemming from the conviction." *State v. Collins*, 7th Dist. No. 12 MA 157, 2013-Ohio-5642, ¶ 16, citing *State v. Parrish*, 2d Dist. No. 25050, 2013-Ohio-305, ¶ 5.  If the defendant "suffers some collateral disability apart from the sentence, then 'the defendant holds a sufficient stake in the judgment to raise a challenge' to that judgment and has 'a right of appeal.' " *State v. Ghast*, 3d Dist. No. 7-23-13, 2024-Ohio-697, ¶ 13, quoting *State v. Wilson*, 41 Ohio St.2d 236, 238 (1975).  In *State v. Tamas*, 2d Dist. No. 27573, 2018-Ohio-1058, the Second District Court of Appeals defined a collateral disability:

> "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, * * * ¶ 10. "[A] collateral legal disability implies a separate and distinct consequence from the original criminal prosecution, that is, there must be some other effect, adverse to the defendant beyond expected punishment for his current offense." *State v. McCarty*, 2d Dist. Montgomery No. 20581, 2005-Ohio-4031, ¶ 4.

> Further, a "collateral disability must be a substantial, individualized impairment, and a purely hypothetical statement about what might occur in the future is not sufficient to give viability to an otherwise moot appeal." *State v. Moore*, 2d Dist. Montgomery No. 20772, 2005-Ohio-4518,

¶ 14, quoting *State v. Johnson*, 43 Ohio App.3d 1, 3 * * * (1st Dist.1988).

*Id.* at ¶ 13-14.

{¶ 10} In this case, appellant never moved to stay his sentences pending appeal, and he has now served the full term of imprisonment imposed by the municipal court. Nevertheless, he asserts that one collateral disability of his misdemeanor convictions is the possibility of sentencing enhancements imposed at some indeterminate criminal sentencing in the future. The Supreme Court of Ohio, however, has specifically "rejected a claim that the possible enhancement of a future offense was a qualifying collateral disability, because 'no such disability will exist if [the defendant] remains within the confines of the law.' " *State v. Smith*, 2d Dist. No. 27981, 2019-Ohio-3592, ¶ 13, quoting *State v. Berndt*, 29 Ohio St.3d 3, 4-5 (1987). Thus, because appellant may choose to follow the law going forward, we do not consider a potential sentence enhancement to be a collateral disability of his convictions. Appellant also cites generalized consequences and stigmas that may result from a misdemeanor conviction, and implies these should also qualify as his own collateral disabilities. Appellant fails to assert any "substantial, individualized impairment"—cataloguing the difficulties common among those convicted of misdemeanors is "not sufficient to give viability to an otherwise moot appeal." (Internal quotations omitted.) *Tamas* at ¶ 14, quoting *State v. Moore*, 2d Dist. Montgomery No. 20772, 2005-Ohio-4518, at ¶ 14, quoting *State v. Johnson*, 43 Ohio App.3d 1, 3 (1988). We therefore conclude appellant has not suffered any collateral legal disability from his misdemeanor convictions.

{¶ 11} We find appellant has fully completed his sentences and suffered no collateral legal disabilities from his convictions. Accordingly, these appeals are moot and must be dismissed for lack of jurisdiction. We therefore need not specifically rule on appellant's three assignments of error.

## IV. Conclusion

{¶ 12} Based on the foregoing, we dismiss the present appeals as moot.

*Appeals dismissed.*

JAMISON and BOGGS, JJ., concur.