[Cite as *State v. Damico*, 2025-Ohio-4968.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| Appellee | : C.A. No. 2025-CA-18 |
| | : |
| v. | : Trial Court Case No. 2022 CRB 00536 |
| | : (Criminal Appeal from Municipal Court) |
| WILLIAM E. DAMICO | : |
| | : **FINAL JUDGMENT ENTRY &** |
| Appellant | : **OPINION** |
| | : |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 31, 2025, this appeal is dismissed as moot.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

RONALD C. LEWIS, JUDGE

TUCKER, J., and HANSEMAN, J., concur.

OPINION

CHRIS BECK, Attorney for Appellant
LENEÉ BROSH, Attorney for Appellee

LEWIS, J.

{¶ 1} Defendant-Appellant William E. Damico appeals from a judgment of the Miami County Municipal Court that sentenced him to consecutive jail sentences after he violated the terms and conditions of probation. For the following reasons, we dismiss the appeal as moot.

## I. Course of Proceedings

{¶ 2} On February 22, 2022, Troy Police Officer Preston Hinger filed two complaints in the Miami Count Municipal Court alleging that Damico had committed identity fraud, a first-degree misdemeanor in violation of R.C. 2913.49, and misuse of a credit card, a first-degree misdemeanor in violation of R.C. 2913.21. In a supplemental narrative, Officer Hinger explained that the victim's debit card, phone charger, and identification card were stolen from his car on February 18, 2022. The next day, the victim noticed that there were two $60 transactions on his credit card from the Budget Inn and multiple charges from Door Dash, a food delivery service. Officer Hinger went to the Budget Inn and discovered Damico in the room that was rented with the victim's credit card. After receiving a positive identification by the hotel manager and confirmation from police dispatch that Damico had two outstanding warrants, Officer Hinger arrested Damico and took him into custody. Damico pleaded not guilty to the charges.

{¶ 3} On April 7, 2022, Damico changed his pleas to guilty, and the trial court found him guilty as charged. After a pre-sentence investigation was ordered, the trial court

sentenced Damico to 180-day jail sentences on each of the two counts and ordered the sentences be served consecutively to each other. The trial court credited Damico with 57 days of jail-time credit and suspended the remaining 123 days of the 180-day jail sentence on count one. The court also suspended all 180 days of the sentence on count two. The court placed Damico on two years of community control sanctions.

{¶ 4} Damico was served with a probation violation notice on November 15, 2022. The notice stated that he had violated condition numbers six and seven by failing to complete a program and by testing positive for methamphetamines. The probation officer recommended that the court set the dispositional hearing out for 60 days.

{¶ 5} On December 9, 2022, a probation violation arraignment was held. Damico stated that he had received a copy of the probation violation notice and admitted the violations. The trial court accepted Damico's admission and found that he had violated the terms and conditions of his probation. The court stated that it would continue Damico on the same terms and conditions of probation that were previously imposed and delay the dispositional hearing for 60 days to see how Damico progressed.

{¶ 6} Damico failed to appear for the February 2023 dispositional hearing. Damico was arrested and attended a May 8, 2023 probation violation arraignment. Damico's counsel apologized for Damico missing the February dispositional hearing and explained to the court that Damico had Covid-19 at that time. Damico's counsel stated that Damico was not on probation anywhere else and requested that the dispositional hearing be rescheduled.

{¶ 7} On May 26, 2023, the court held a probation violation dispositional hearing. The court imposed a 30-day jail sentence and credited Damico with time served. The court also returned Damico to probation.

{¶ 8} On August 9, 2023, the trial court issued a bench warrant for an alleged probation violation. According to the court's warrant, Damico had absconded or otherwise violated the terms of probation and ordered that the time Damico was absent from the jurisdiction of the court shall not apply against the community control sanction period.

{¶ 9} On October 4, 2023, Damico was served with a probation violation notice in which he was accused of violating conditions 6 and 17 of his community control by failing to complete a program, failing to report to his scheduled office appointment, and absconding from probation. At the probation violation arraignment, Damico admitted that he had received a copy of the probation violation notice and had violated the terms of his community control. The trial court accepted his admission and found that he had violated the terms of his community control. The court imposed 180 days in jail and a term of probation following service of the 180 days. The court gave him credit for any jail time previously served.

{¶ 10} On November 20, 2023, Damico filed a motion to mitigate in which he asked that the remainder of his jail time be mitigated. The court found that Damico was serving a probation violation sanction and overruled his motion to mitigate.

{¶ 11} On December 28, 2023, the trial court suspended the remainder of Damico's jail sentence and released him to a representative of Emerge Recovery on January 4, 2024, for inpatient treatment. The order stated that if Damico failed to successfully complete treatment, he shall be considered in violation of his probation. The court also stated that Damico shall be placed on five years of probation from his original sentencing date on the following conditions: successful completion of inpatient treatment and any other terms and conditions deemed appropriate by probation.

{¶ 12} On January 28, 2025, Damico was served with a probation violation notice in which he was accused of violating condition numbers 6, 7, 13, and 17 of his community

4

control. These violations included failing to report to the probation officer, testing positive for methamphetamine, failing to provide verification of completing mental health treatment, and failing to report for an office appointment.

{¶ 13} On January 28, 2025, Damico appeared at a probation violation hearing and admitted to the four alleged violations of his community control. The trial court accepted his admission and terminated Damico's probation unsuccessfully. The court reimposed the original 180-day consecutive sentences and gave Damico credit for the 183 days he previously served in jail.

{¶ 14} Damico filed a notice of appeal from the January 28, 2025 order. On March 25, 2025, this court concluded that the trial court had not entered a final order on January 28, 2025. Therefore, we dismissed Damico's appeal for lack of jurisdiction.

{¶ 15} On April 11, 2025, the trial court issued a judgment in which it found Damico guilty of violations of the terms and conditions of his probation and terminated him from probation unsuccessfully. The court re-imposed Damico's original 180-day jail sentences and ran them consecutively to each other.

{¶ 16} Damico filed a timely notice of appeal from the April 11, 2025 judgment and the parties filed their appellate briefs. Given the amount of time that passed between the date Damico began serving his jail sentence and the date on which the appellate briefing was concluded in this appeal, this court became concerned that Damico's sole issue raised on appeal may be moot. On September 12, 2025, this court issued an order to show cause why this appeal should not be dismissed as moot. The parties were given 14 days to file a response to our order. Neither party filed a response.

**II.    Damico's Appeal Is Moot**

**{¶ 17}** Damico's assignment of error states:

THE TRIAL COURT ERRED BY REVOKING APPELLANT'S PROBATION AND IMPOSING THE SUSPENDED SENTENCE WHEN THE PROBATION HAD BEEN TERMINATED, THUS DIVESTING THE TRIAL COURT OF SUBJECT MATTER JURISDICTION.

**{¶ 18}** Damico contends that the trial court did not have subject matter jurisdiction to impose further jail time when it conducted the January 28, 2025 revocation hearing. Damico asks this court to reverse the revocation of his probation and imposition of his jail sentence.   We cannot do so under the particular facts of this appeal.

**{¶ 19}** "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect."   *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970).   "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions."   *Dibert v. Carpenter*, 2018-Ohio-1054, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 55.   Appellate courts lack jurisdiction to consider the merits of a moot appeal. *State v. Smith*, 2019-Ohio-3592, ¶ 9 (2d Dist.).   "[A]n appellate court may consider evidence outside the record in order to dismiss an appeal as moot."   *Townsend v. Antioch Univ.*, 2009-Ohio-2552, ¶ 8 (2d Dist.), citing *Pewitt v. Lorain Correctional Inst.*, 64 Ohio St.3d 470 (1992).

**{¶ 20}** Appeals of misdemeanor convictions are considered moot if the defendant has voluntarily satisfied his sentence, unless the defendant has offered evidence from which an inference can be drawn that he will suffer some collateral legal disability or loss of civil rights stemming from that conviction.   *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus.

6

A defendant can show that he did not serve a sentence voluntarily if the defendant sought a stay of the sentence in the trial court to allow for the appeal. *Cleveland Hts. v. Lewis*, 2011-Ohio-2673, ¶ 23 ("Thus, a misdemeanant who . . . seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot . . . objectively demonstrates that the sentence is not being served voluntarily, because no intent is shown to acquiesce in the judgment or to intentionally abandon the right of appeal.").

{¶ 21} "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 2007-Ohio-2621, ¶ 10, citing *Pollard v. United States*, 352 U.S. 354 (1957). "'[A] purely hypothetical statement about what might occur in the future is not sufficient to give viability to an otherwise moot appeal.'" *State v. Moore*, 2005-Ohio-4518, ¶ 14 (2d Dist.), quoting *State v. Johnson*, 43 Ohio App.3d 1, 3 (1st Dist. 1988).

{¶ 22} According to the Miami County Jail records, Damico was booked into jail on January 28, 2025, and released from jail on July 24, 2025. These dates establish that Damico completely served the remaining 177 days of his jail sentences. There is no evidence in the record that Damico has suffered any collateral disability, and he does not argue that he has suffered any. Further, Damico did not request a stay of his sentence in the trial court. Damico's assignment of error asks us to reverse the trial court's order that required him to serve the remainder of his jail sentences. Since he has completely served his jail sentences, there is no meaningful relief that we could grant him on appeal. Therefore, the sole issue Damico raises on appeal is moot and we must dismiss his appeal.

### III.     Conclusion

**{¶ 23}** Having concluded the issue raised by Damico is moot, we dismiss the appeal.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.